Marion Frank CRAWFORD, Petitioner,

v.

K. B. BAILEY, Warden of Central Prison, George W. Randall, Director of Prisons of the State of North Carolina, and Terry Sanford, Governor of the State of North Carolina, Respondents.

Civ. No. 1515.

United States District Court
E. D. North Carolina,
Raleigh Division.

Oct. 22, 1964.

F. B. McKissick, Durham, N. C., for petitioner.

T. Wade Bruton, Atty. Gen. of North Carolina, Raleigh, N. C., for respondents.

BUTLER, Chief Judge.

This is an application for a writ of habeas corpus on behalf of Marion Frank Crawford, a state prisoner, now confined under a sentence of death imposed upon his conviction of murder in the first degree.

Petitioner was indicted by the Grand Jury at the January 7, 1963, Term of the Superior Court of Forsyth County, North Carolina, for the crime of murder in the first degree and, in a separate indictment, for the crime of rape. Petitioner was tried on the murder indictment at the February 4, 1963, Term of said court; the jury returned a verdict of guilty of murder in the first degree with no recommendation for life imprisonment; and, as required by state law,[1] a sentence of death was imposed. On appeal to the Supreme Court of North Carolina, the judgment was affirmed. State v. Crawford, 260 N.C. 548, 133 S.E.2d 232 (1963). Thereafter, execution of the death sentence was scheduled for 10 a. m. on January 10, 1964. At 9 a. m. on that day, an application for a writ of habeas corpus was filed alleging an unconstitutional restraint and the court entered an order staying execution of the death sentence. The order granted petitioner leave to file an amended application,[2] and required the respondent to file an answer pursuant to the local rules of this court.[3]

In addition to the amended application and the respondent's answer thereto, the court has before it the briefs for the State and the petitioner on appeal to the Supreme Court of North Carolina, and a complete transcript of the proceedings in the trial court.

Petitioner's amended application is replete with allegations that the state proceedings failed to meet the standards of procedural due process required of the States by the Fourteenth Amendment to the Constitution of the United States.[4] Petitioner also challenges the constitutionality of the North Carolina statutes providing for the imposition of the death penalty.[5] It appears that several of petitioner's claims do not allege facts which, if true, would establish a deprivation of fundamental rights.

A careful scrutiny of the state records reveals that petitioner has not presented his contentions to the state courts; indeed, petitioner does not allege otherwise.

Ordinarily, an application for habeas corpus by a state prisoner will be entertained by a federal court only after available state remedies have been exhausted. This requirement is not jurisdictional; rather, it is a rule of comity,

1. N.C.Gen.Stat. § 14–17: "A murder * * * in the first degree * * * shall be punished with death: Provided, if * * * the jury shall so recommend, the punishment shall be imprisonment for life * * *."

2. Counsel for petitioner alleged that he had accepted petitioner's case at about 10 p. m. on the night of January 9, 1964, and thus "had absolutely no time to investigate, assess or evaluate any or all facts connected with the deprivation of the petitioner's constitutional rights. * * *"

3. General Rule #17B: "Upon the filing by a state prisoner of an application for a writ of habeas corpus * * * (respondent) shall file answer to each claim asserted and * * * attach to its answer certified copies of the indictment, plea of petitioner, and the judgment, or such of them, and such other records, as may be material to the issues joined."

4. Petitioner alleges that: he was never adequately informed of the charges against him and was convicted of a crime for which he was not charged; the indictment was amended to include matters not "raised" by the Grand Jury; he was denied an impartial jury when the solicitor excused prospective jurors opposed to capital punishment; the solicitor "unlawfully persecuted" him; he was denied a dispassionate trial atmosphere; although he did not testify, he was "denied the right to take the stand and testify on his own behalf * * * when the solicitor told the jury * * * the facts of petitioner's three prior convictions for crimes totally unrelated to the one for which he was on trial * * *"; he was denied the effective assistance of counsel; the State denied him "legal representation on appeal in the role of an advocate with a record of sufficient completeness for adequate consideration of plain error." *

5. Petitioner claims that N.C.Gen.Stat. § 14–17 (see n. 1, supra) is unconstitutional on its face and as applied, in that the death penalty is reserved almost exclusively for Negroes; and, that the death penalty on its face and as applied in this case is cruel and inhuman punishment.

or doctrine of abstention, fashioned by decisions of the United States Supreme Court [6] and now codified in 28 U.S.C.A. § 2254. In Fay v. Noia, 372 U.S. 391, 392, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Court examined the reasoning which prompted the development of the rule and concluded that the requirement envisions only the postponement, and not the relinquishment, of federal jurisdiction; [7] the Court said: "The rule of exhaustion 'is not one defining power but one which relates to the appropriate exercise of power.' " [8] When available state remedies have not been exhausted, the federal district courts are constrained by considerations of comity to defer action until the state courts have had the opportunity to correct a constitutional violation; however, the courts have power to grant relief, and if special circumstances exist it may be appropriate to exercise that power rather than abstain.

█ This court is reluctant to interfere with state administration of criminal justice. The States have the primary responsibility to prevent criminal conduct; and, with few exceptions, citizens look exclusively to the States for protection against crimes. It would seem particularly appropriate in this case, where a state prisoner, convicted of murder and sentenced to death, claims that the State has infringed constitutional rights in its administration of criminal justice and prevention of criminal conduct, for the court to abstain until the state courts have had an opportunity to pass upon the constitutional questions raised.

█ The special circumstances of the case, however, compel the court to grant relief [9] to the extent of continuing in effect the stay of execution [10] pending prompt institution and prosecution of appropriate proceedings in the state courts, and pending further orders in this cause. Ex parte Wells, 90 F.Supp. 855 (N.D.Cal. 1950); United States ex rel. La Morca v. Denno, 159 F.Supp. 486 (S.D.N.Y. 1958); Ralph v. Pepersack, 203 F.Supp. 752 (D.Md.1962).

Now, therefore, IT IS ORDERED that the stay of execution heretofore entered in this cause be continued in full force and effect pending further orders of this court, and the petitioner is allowed thirty days from the date of service of this order to institute appropriate proceedings in the North Carolina courts.

Upon the failure of petitioner to institute such proceedings, the court will entertain a motion by respondent to vacate the order staying execution and to dismiss the application for a writ of habeas corpus.

This cause is retained.

6. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); Cook v. Hart, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934 (1892); Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944).

7. "Very little support can be found in the long course of past decisions by this Court elaborating the rule of exhaustion for the proposition that it was regarded at the time of the revision of the Judicial Code as jurisdictional rather than merely as a rule ordering the state and federal proceedings so as to eliminate unnecessary federal-state friction." Fay v. Noia, 372 U.S. 391, 392, at 434, 435, 83 S.Ct. 822, at 847.

8. Fay v. Noia, id. at 420, 83 S.Ct. at 839.

9. In disposing of an application for habeas corpus the court is not limited to the issuance of a final order granting or denying the writ. It may "dispose of the matter as law and justice require." 28 U.S.C.A. § 2243.

10. 28 U.S.C.A. § 2251: "A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment * * * stay any proceeding against the person detained * * * under the authority of any State for any matter involved in the habeas corpus proceeding."