**Marion Frank CRAWFORD, Petitioner,**

v.

**K. B. BAILEY, Warden, Respondent.**

**Civ. No. 1515.**

United States District Court
E. D. North Carolina,
Raleigh Division.

Jan. 19, 1966.

Floyd B. McKissick, McKissick & Burt, Durham, N. C., for petitioner.

T. Wade Bruton, Atty. Gen. of North Carolina, Raleigh, N. C., for respondent.

BUTLER, Chief Judge.

This is an amended application by Marion Frank Crawford, a state prisoner, for a writ of habeas corpus and order staying the execution of sentence of death. It appears from the verified application and prior records submitted in proceedings involving this same petitioner that he was tried for first-degree murder at the February 1963 Term of Forsyth County Superior Court and a sentence of death was imposed. The judgment was affirmed by the North Carolina Supreme Court in State v. Crawford, 260 N.C. 548, 133 S.E.2d 232 (1963).

At 9 a. m. on January 10, 1964, one hour before the scheduled execution, petitioner, through counsel employed by others in his behalf, filed an application with this court for a writ of habeas corpus alleging an unconstitutional restraint. The court entered an order staying execution of the death sentence pending a determination of the merits of petitioner's application. It appeared that petitioner had not presented to the state courts the constitutional questions raised in his application to this court; hence, this court by order of October 21, 1964, continued the stay of execution pending further orders of this court and allowed petitioner thirty days within which to institute appropriate proceedings in the state courts to collaterally attack the conviction.

On November 16, 1964, petitioner through his attorney filed in the Superior Court of Forsyth County, North Carolina, an application for a review of his conviction pursuant to N.C.Gen.Stat. §§ 15–217 to 15–222. An evidentiary hearing on the allegations made in petitioner's application was held on February 19, 1965, and the post-conviction court on May 11, 1965, made findings of fact and conclusions of law and entered an order denying petitioner's request for a new trial. The Supreme Court of North Car-

olina denied certiorari on September 7, 1965.

Having exhausted state remedies as required by the order of this court, petitioner on November 12, 1965, through his attorney, filed an "amended petition for habeas corpus" with this court. It is that petition which the court now considers in determining whether to continue or to vacate the stay of execution granted petitioner upon his first application to this court.

Petitioner does not allege any facts in his amended application. He merely recites the chronology of proceedings dating from his initial application in this court in January 1964, then concludes in the following language:

"That as a result of the foregoing, the petitioner has exhausted his state remedies without the unconstitutionality of his state court trial being redressed.

"WHEREFORE, your petitioner has filed an amended application for Writ of Habeas Corpus and respectfully prays as follows:

"1. That a Writ of Habeas Corpus be directed to the Respondents issued on his behalf so that the petitioner will be presented before this court.

"2. That the Respondents should appear an (sic) answer to this petitioner.

"3. That after full and complete hearing, this court will relieve petitioner of the unconstitutional detention, imprisonment, and sentence of death.

"4. That Respondents be further ordered to stay the execution of the judgment of death as heretofore set out and refrain from other action in this case."

When petitioner's first application for habeas relief was before this court we said:

"* * * When available state remedies have not been exhausted, the federal district courts are constrained by considerations of comity to defer action until the state courts have had the opportunity to correct a constitutional violation * * *

"This court is reluctant to interfere with state administration of criminal justice. The states have the primary responsibility to prevent criminal conduct; and, with few exceptions, citizens look exclusively to the states for protection against crime. It would seem particularly appropriate in this case, where a state prisoner, convicted of murder and sentenced to death, claims that the State has infringed constitutional rights in its administration of criminal justice and prevention of criminal conduct, for the court to abstain until the state courts have had an opportunity to pass upon the constitutional questions raised." Crawford v. Bailey, 234 F.Supp. 700, 702 (E.D.N.C.1964).

Following this court's abstention, the state courts have passed upon petitioner's constitutional claims. In the present posture of this case, we are properly concerned with a review of the state court's adjudication of the petitioner's federal claim. We are not bound by the state court's determination, nor its finding of fact, nor its conclusions of law. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963). But if comity between the federal and state courts has any meaning and substance, the federal court, when it chooses to abstain, should, upon a subsequent application, concern itself with the collateral proceedings in the state courts to ascertain if petitioner's constitutional claims were properly resolved.

Nowhere in petitioner's amended application to this court, filed after the denial of relief by the state post-conviction court, does he allege any facts tending to show that he was denied a full and fair evidentiary hearing by the state court upon his constitutional claim, nor that the state court erred in its findings of the basic, primary, or historical facts,

nor that the state court failed to apply correct federal constitutional standards to its findings of fact. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963). Petitioner relies solely upon conclusory allegations without any factual basis for the relief sought.

 An application for post-conviction relief by way of habeas corpus which states only bald conclusions with no supporting factual allegations is legally insufficient and may be denied without hearing. Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148; 28 U.S.C.A. § 2242.

An amended application, as indeed an original application, must stand on its own bottom. There must be factual allegations to support the claim of constitutional infirmity. Only thus can the federal court determine whether the claim is prima facie meritorious or patently frivolous.[1] The court should not be compelled to go beyond the application itself to learn what the contentions are, nor undertake a voyage of discovery to ferret out some unspecified error. Such a procedure would place an intolerable burden upon the courts. The common sense requirement of factual allegations is a rule of necessity and must be applied impartially in every case.

 It appearing to the court, therefore, that petitioner has obtained a review of his conviction in a collateral state proceeding as required in the prior order of this court; that relief therein was denied, and that the Supreme Court of North Carolina has denied certiorari; and that petitioner has filed an amended application for habeas corpus with this court, but has failed to allege any facts in support of his contention that his custody violates the Constitution of the United States; and the court being of the opinion that petitioner's application is legally insufficient,

It is, therefore, ordered that the application for a writ of habeas corpus be and it is hereby denied.

It is further ordered that the stay of execution granted by this court on January 10, 1964, and continued on October 21, 1964, be and it is hereby vacated.

---

[1] Although the amended application is wholly devoid of any factual allegations entitling petitioner to relief, nevertheless this court has examined the petition filed in the collateral proceeding, the brief of counsel for petitioner, and the judgment of the state court denying relief, all of which were filed with the court by petitioner's counsel. It appears that the state courts have made a determination of all of petitioner's federal questions. No errors are discernible upon the face of the record.