Jerry Wayne **WRIGHT**, Petitioner,

v.

Otto C. **BOLES**, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. 733–E.

United States District Court
N. D. West Virginia.
July 16, 1969.

W. Mote Thompson, Jr., court appointed, Clarksburg, W. Va., for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner is presently serving a fifteen year sentence in the West Virginia State Penitentiary following his conviction for armed robbery in the Intermediate Court of Kanawha County. Petitioner seeks federal habeas corpus in this Court, assailing his state court con-

viction. The prayer of his petition was earlier denied and subsequently appealed. This matter is again before this Court on remand from the United States Court of Appeals for the Fourth Circuit.

The single issue before this Court on remand is whether Petitioner was denied his right to seek appellate review of his conviction.[1]

Petitioner was tried on October 15, 1965, and on October 28, 1965, was sentenced to the term of fifteen years in the penitentiary under which he is now incarcerated. A bill of exceptions was filed with the Intermediate Court of Kanawha County and the statutory time period for seeking review in the West Virginia Supreme Court of Appeals began to run. On July 14, 1966, fourteen days before the expiration of the statutory time period for seeking an appeal, Petitioner allegedly wrote a letter to his trial attorney indicating his desire to appeal. This matter was remanded by the United States Court of Appeals for the Fourth Circuit "with directions to determine the necessary facts concerning the July 14 letter, *inter alia*, when the letter was mailed by petitioner, and when it was received by his attorney."

Pursuant to the order of the United States Court of Appeals for the Fourth Circuit, an evidentiary hearing was held in this Court on June 10, 1969. At this hearing a copy of the July 14 letter from Petitioner to his trial attorney was introduced into evidence as Petitioner's Exhibit No. 6. In pertinent part the letter reads:

\* \* \* \* \* \*

I am sorry to be taking up your time, but I need information in reference to the following:

1. What is the date of the Trial Judge's execution of my Bill of Exceptions and was this bill signed within the legally required time limits?

2. *What date did you file my petition for writ of error in the State Supreme Court?*

(Emphasis supplied.)

\* . \* \* \* \* \*

The response from Petitioner's trial attorney, dated September 19, 1966, and introduced into evidence as Petitioner's Exhibit No. 11, reads in pertinent part:

\* \* \* \* \* \*

I am sorry about the delay in answering your letter of July 14, 1966, but I have been very busy and then it required a little time to check into the matters that you asked about.

In response to Question No. 1. The Bill of Exceptions was filed within time, but I do not recall the time, however, the Clerk of the Intermediate Court informs me that they have forwarded you copies of all of the documents and papers pertaining to your case, which should include the Bill of Exceptions and would show the time of the signing thereon.

In response to Question No. 2. *I did not file a petition for a Writ of Error in the State Supreme Court.* You will recall that we talked about this matter in jail just prior to your being sent to Moundsville, that I told you that, in my opinion, such a petition would be ineffective except to delay the time when your petition for a Writ of Error would be considered by the Federal Court and you asked to have your commitment order expedited so that you would be sentenced and file a petition with the latter court as soon as possible. I also told you that if you wanted me to file a petition for a Writ of Error in the Supreme Court, that you would have to let me know and return to me the papers which I had loaned you from my file. When I did not receive any further word from you or the papers, I concluded that you had decided not to pe-

---

1. In West Virginia there is a right to seek an appeal through a writ of error or supersedeas of a criminal conviction. W.Va. Code § 58–5–1 et seq. (Michie 1966).

However, there is no right to be heard on appeal in the Supreme Court of Appeals, that court having discretion as to granting appeals. W.Va.Const. art. 8, § 6.

tition the Supreme Court. (Emphasis supplied.)

\* \* \* \* \* \*

Testimony and evidence introduced at Petitioner's plenary hearing show that Petitioner's trial attorney tried to contact Petitioner by letter in April, 1966, to advise him as to the time for filing an appeal and to inquire about Petitioner's wishes in that regard. These letters were returned to the attorney marked that the addressee had moved and left no forwarding address. In regard to Petitioner's letter of July 14, the trial attorney testified he had no recollection of the date he received it. The correspondence record kept by penitentiary officials lists only registered and certified mail and contains no record of the date Petitioner's "July 14" letter was sent.

The letter of July 14 affirmatively indicates Petitioner's desire to pursue an appeal to the West Virginia Supreme Court of Appeals, and there is no evidence to show that, in fact, the letter was *not* sent by Petitioner and received by his trial attorney within the time limit for bringing an appeal. Furthermore, it appears from the evidence and testimony introduced at the plenary hearing before this Court, that the communications between Petitioner and his attorney were surrounded by confusion regarding Petitioner's desires concerning an appeal. It is this confusion and the lateness of Petitioner's letter to his attorney which brought about the attorney's failure to file a petition for a writ of error within the statutory time period.

■ Because Petitioner apparently communicated his desire to appeal, and because the appeal was not brought within the prescribed time period, the Petitioner was deprived of his right to seek an appeal and was thereby deprived of the equal protection of laws guaranteed by the Fourteenth Amendment.

Since this Court has determined that Petitioner has been unconstitutionally deprived of his right to seek an appeal before the West Virginia Supreme Court of Appeals from the judgment imposed upon him by the Intermediate Court of Kanawha County, the only question remaining is the manner in which this wrong can be most expeditiously rectified.

■ The authority of this Court to fashion appropriate relief where a determination has been made that a right of the Petitioner has been violated is set forth in 28 U.S.C.A. § 2243: "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." Where, as in the instant case, the problem of a violation of constitutional rights arose in a state trial court proceeding, this Court must, and should, consider the laws of West Virginia in determining the appropriate remedy.

In finding a solution to the stated constitutional deprivation, we are now armed and possessed with a valued and substantial new legislative tool in West Virginia that has application in this case. West Virginia's recently enacted Post-Conviction Habeas Corpus Statute, W.Va. Code § 53–4A–1 (Michie Supp. 1968), provides that:

(a) Any person convicted of a crime and incarcerated under sentence and imprisonment therefor who contends that there was such a denial or infringement of his rights as to render the conviction or sentence void under the Constitution of the United States or the Constitution of this State, or both, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under the commonlaw or any statutory provision of this State, may \* \* \* file a petition for a writ of habeas corpus ad subjiciendum, and prosecute the same, seeking release from such illegal imprisonment, correction of the sentence, the setting

aside of the plea, conviction and sentence, or other relief, * * *.

Under this statute the court in which relief is sought has broad jurisdiction to review alleged errors surrounding a petitioner's conviction. Should the reviewing court find that there is error, it has broad power to fashion an appropriate remedy to cure the defect and insure the petitioner's rights, W.Va.Code § 53–4A–7 (Michie Supp. 1968):

(c) When the court determines to deny or grant relief, as the case may be, the court shall enter an appropriate order with respect to the conviction or sentence in the former criminal proceedings and such supplementary matters as are deemed necessary and proper to the findings in the case, including, but not limited to, remand, the vacating or setting aside of the plea, conviction and sentence, rearraignment, retrial, custody, bail, discharge, correction of sentence and resentencing, or other matters which may be necessary and proper. * * *

■ These provisions come into effect at the instance of the Petitioner, for, once he has filed a petition for relief pursuant to the provisions of W.Va. Code § 53–4A–1 et seq. (Michie Supp. 1968), the state court in which the petition is filed has jurisdiction to make findings of fact and apply the appropriate remedy.

In a recent case the West Virginia Supreme Court of Appeals considered the jurisdictional problems of curing a constitutional defect in proceedings where a petitioner did not institute proceedings under the Post-Conviction Habeas Corpus Statute. State ex rel. Bradley v. Johnson, W.Va., 166 S.E.2d 137 (1969).

In the *Bradley* case, the petitioner in habeas corpus proceeding before the Circuit Court of Kanawha County contended that he was denied his right to seek an appeal because he failed to obtain a transcript of the trial record in time to apply for a writ of error to the West Virginia Supreme Court of Appeals. The Circuit Court found that he had been denied his right to seek an appeal and ordered his discharge from custody which order was suspended for sixty days to enable the state to dispose of the matter in a constitutionally permissible manner.

Petitioner was then brought before the Intermediate Court of Kanawha County, within the prescribed period, and, upon motion of the state, the court set aside the sentence and resentenced the petitioner. Since no proceeding under the Post-Conviction Habeas Corpus Statute was pending before the Intermediate Court at that time, it was urged that the Intermediate Court had no jurisdiction under that statute.

In considering the jurisdiction of the Intermediate Court of Kanawha County, the West Virginia Supreme Court of Appeals noted that, although the judgment of the Intermediate Court was valid and effective when entered, it "was rendered null and void and of no enforceable force and effect by the judgment of the Circuit Court of Kanawha County of August 14, 1968, in the habeas corpus proceeding in that court for the reason that the petitioner had been denied his right to apply for a writ of error and which judgment discharged the petitioner from custody subject to suspension of execution for a period of sixty days to enable the State to make proper disposition of the case in a 'constitutionally permissible' manner." *Supra* at pages 139–140. Thus the trial court judgment having been rendered a nullity, it was found subject to collateral attack and the court in which the criminal proceedings had been initially conducted had jurisdiction to set aside its void sentence and to impose a valid sentence, regardless of the fact that the valid sentence was not imposed at the same term of court as the jury found its verdict against the Petitioner. The court said:

As the intermediate court, after setting aside the void judgment of November 29, 1967, had jurisdiction of the criminal proceeding and the power and authority to grant the petitioner

a new trial or, as it did in lieu of a new trial, to resentence the petitioner to confinement in the penitentiary for a term of not less than one year or more than ten years with credit for the specified time served, and thus to restore and make available to the petitioner his right to apply for an appeal from such judgment, which is all he could have done if the transcript of the record of his trial had been seasonably furnished to him, the final judgment of imprisonment rendered by the intermediate court of October 14, 1968, is a valid and effective judgment and is enforceable against the petitioner. *Supra* at p. 141.

In view of the policy supportive of the Post-Conviction Habeas Corpus Statute, namely, that the Act "shall be liberally construed so as to effectuate its purposes," W.Va.Code § 53–4A–10, and in appreciation of the policy expressed by the Supreme Court of Appeals of West Virginia in State ex rel. Bradley v. Johnson, *supra*, the appropriate remedy for the denial of the opportunity to Petitioner to seek an appeal is to allow the state the opportunity to vacate Petitioner's sentence and to resentence him in a constitutionally permissible manner. Upon resentencing the statutory time period during which an appeal could be sought would again begin to run, and Petitioner would then be able to seek the appeal which he was earlier denied.

Such a remedy is within the scope of 28 U.S.C.A. § 2243 which provides for disposition in federal habeas corpus proceedings "as law and justice require." Dowd v. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951); LaFaver v. Turner, 345 F.2d 519 (10th Cir. 1965); Pettry v. Boles, 275 F.Supp. 744 (N.D. W.Va. 1967); Fox v. State of North Carolina, 266 F.Supp. 19 (E.D.N.C. 1967); Crawford v. Bailey, 234 F.Supp. 700 (E.D.N.C. 1964). Cf. Mahler v. Eby, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549 (1924); United States ex rel. D'Amico v. Bishopp, 286 F.2d 320 (2nd Cir. 1961), cert. denied, Farace v. D'Amico, 366 U.S. 963, 81 S.Ct. 1924, 6 L.Ed.2d 1254 (1961).

An order will be entered filing this opinion and directing the Respondent, for the reasons stated herein, to return Petitioner to the Intermediate Court of Kanawha County, within a reasonable time, for the resentencing of Petitioner herein on his 1965 conviction, in a constitutionally permissible manner, with credit to be allowed against any new sentence or resentence for time actually served on the sentence here declared invalid. In the event that the resentencing of Petitioner is not accomplished, and if criminal proceedings on the original charges are not initiated against the Petitioner within a reasonable time, then Petitioner shall be entitled to his release.