# DOWD, WARDEN, *v.* UNITED STATES EX REL. COOK.

No. 66.   Argued November 28, 1950.—Decided January 2, 1951.

*Charles F. O'Connor,* Deputy Attorney General of Indiana, argued the cause for petitioner. With him on the brief were *J. Emmett McManamon,* Attorney General, and *George W. Hand* and *Merl M. Wall,* Deputy Attorneys General.

*William S. Isham* argued the cause and filed a brief for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

Respondent, Lawrence E. Cook, brought this habeas corpus proceeding in the United States District Court in 1948. After hearing evidence, the District Court found as follows: In 1931 respondent was convicted of murder in an Indiana court, sentenced to life imprisonment, and immediately confined in the state penitentiary. Within the six-month period allowed for appeal as of right by Indiana law, respondent prepared proper appeal papers. His efforts to file the documents in the state supreme court, however, were frustrated by the warden acting pursuant to prison rules. Subsequently, but after the six-month period had expired, the ban on sending papers from the prison was lifted and respondent unsuccessfully sought to have the state courts review his conviction by *coram nobis* in 1937 [1] and by habeas corpus in 1945.[2]

---

[1] See *Cook* v. *State,* 219 Ind. 234, 37 N. E. 2d 63; *State ex rel. Cook* v. *Wickens,* 222 Ind. 383, 53 N. E. 2d 630.

[2] *State ex rel. Cook* v. *Howard,* 223 Ind. 694, 64 N. E. 2d 25, cert. denied 327 U. S. 808.

In 1946 his petition to the Supreme Court of Indiana for a delayed appeal was denied.[3] On these findings, the District Court held that there had been a denial of equal protection of the law for which the State provided no remedy, and ordered respondent's discharge. The Court of Appeals for the Seventh Circuit affirmed. 180 F. 2d 212.

In this Court the State admits, as it must, that a discriminatory denial of the statutory right of appeal is a violation of the Equal Protection Clause of the Fourteenth Amendment. *Cochran* v. *Kansas,* 316 U. S. 255. It contends, however, that the 1946 litigation in the Supreme Court of Indiana established that the prison authorities had not prevented a timely appeal by respondent, and that the principle of *res judicata* precluded a contrary determination of this fact by the District Court. Even if the rule of *res judicata* were applicable in habeas corpus proceedings, but cf. *Waley* v. *Johnston,* 316 U. S. 101, 105, it would have no bearing in the present case. The Indiana court made only one finding, and that pertained to a matter not now in dispute.[4] Moreover, so far as the suppression of respondent's original appeal papers is concerned, the record before us strongly indicates that the finding ascribed to the state supreme court could not have been made.

The State also contends that despite the denial of equal protection, respondent is no longer entitled to relief because he "waived" his right of appeal. The argument is that the ban on sending papers from the prison suspended the statutory limitation on the time for review so that

---

[3] This order is unreported. Certiorari to review the denial of the petition for delayed appeal was sought here and denied. 330 U. S. 841.

[4] The finding was that "the basic allegation of said petition to-wit: that [Cook's] counsel refused, without pay, to take an appeal is not true . . . ."

respondent could have appealed within six months from the date the restraint was removed in 1933. We cannot accept this view. In 1931 Indiana appellate jurisdiction apparently was conditioned on a timely filing of the proper papers.[5] More recently, the rigid rule may have been relaxed so as to provide discretionary delayed appeals for convicted defendants.[6] But we find no indication either that there is any time limitation on the taking of delayed appeals or that such appeals will ever be heard *as of right*. The record shows that respondent's delayed appeal was denied in 1946, apparently as a matter within the state court's discretion.[7] Consequently, respondent has never had the same review of the judgment against him as he would have had as of right in 1931 but for the suppression of his papers. We therefore agree with the Court of Appeals that, while the State's "waiver" theory is ingenious, it is without merit. Under the peculiar circumstances of this case, nothing short of an actual appellate determination of the merits of the conviction—according to the procedure prevailing in ordinary cases—would cure the original denial of equal protection of the law.

There remains the question of the disposition to be made of this case. Fortunately, we are not confronted with the dilemma envisaged by the State of having to

---

[5] *Dudley* v. *State,* 200 Ind. 398, 161 N. E. 1; *Farlow* v. *State,* 196 Ind. 295, 142 N. E. 849; *Farrell* v. *State,* 85 Ind. 221; *Winsett* v. *State,* 54 Ind. 437; *Lichtenfels* v. *State,* 53 Ind. 161.

[6] The Supreme Court of Indiana suggested in 1945 that this respondent might be able to take a delayed appeal. *State ex rel. Cook* v. *Howard,* 223 Ind. 694, 64 N. E. 2d 25. Cf. also *Warren* v. *Indiana Telephone Co.,* 217 Ind. 93, 26 N. E. 2d 399; *State ex rel. White* v. *Hilgemann,* 218 Ind. 572, 34 N. E. 2d 129; but cf. *Johns* v. *State,* 227 Ind. 737, 89 N. E. 2d 281. In 1947 Indiana enacted the more liberal rule into its statutory law. Burns' Ind. Ann. Stat., 1942 Replacement Vol. (Cum. Supp. 1949), § 9–3305.

[7] See note 3 *supra;* cf. *Sweet* v. *State,* 226 Ind. 566, 81 N. E. 2d 679.

choose between ordering an absolute discharge of the prisoner and denying him all relief. The District Court has power in a habeas corpus proceeding to "dispose of the matter as law and justice require." 28 U. S. C. § 2243. The Fourteenth Amendment precludes Indiana from keeping respondent imprisoned if it persists in depriving him of the type of appeal generally afforded those convicted of crime. On the other hand, justice does not require Indiana to discharge respondent if such an appeal is granted and reveals a trial record free from error. Now that this Court has determined the federal constitutional question, Indiana may find it possible to provide the appellate review to which respondent is entitled. The judgments of the Court of Appeals and the District Court are vacated and the case remanded. On remand, the District Court should enter such orders as are appropriate to allow the State a reasonable time in which to afford respondent the full appellate review he would have received but for the suppression of his papers, failing which he shall be discharged. See *Mahler* v. *Eby,* 264 U. S. 32, 46.

*It is so ordered.*