UNITED STATES of America
ex rel. Alonzo ANDERSON

v.

J. Ellis OVERLADE, as Warden of the
Indiana State Prison.

Civ. No. 2184.

United States District Court
N. D. Indiana, South Bend Division.

April 3, 1957.

Robert Baker, Public Defender, Indianapolis, Ind., for petitioner.

Robert O'Mahoney, Deputy Atty. Gen., for respondent.

PARKINSON, District Judge.

This is a habeas corpus proceeding wherein writ was issued, return and answer thereto filed, and tried to the court. It is the cause on the merits which now solicits the decision of this court.

As the findings of fact and conclusions of law will appear herein, this opinion will be filed and will so serve.

Providing equal justice to the poor and rich alike has been a goal to the attainment of which our people have never ceased to hope and strive, and if there be any State in our Union which has created the processes for so doing, it is the State of Indiana. In Indiana our courts are open to all of our people and every indigent person accused of crime is provided with counsel at public expense and in the event of conviction has the right of appeal with counsel and transcript furnished to him at public expense. If an indigent person is prevented by the State from the use of any of these afforded remedies he has been denied equal protection of the law under the Fourteenth Amendment but if, with-

out any act of prevention by the State, he fails to timely pursue the remedies available to him he has foreclosed himself of all right to complain because under such circumstances he has been denied no constitutional right whatsoever.

The petition for writ of habeas corpus alleges that the petitioner was sentenced to the Indiana State Prison on June 2, 1955 for a term of two to five years on a jury verdict of guilty and was delivered to the Indiana State Prison on June 5, 1955; that he was competently and ably represented by John Caylor, court-appointed counsel, and following the return of the verdict and imposition of sentence counsel consulted with him and petitioner fully believed that Attorney Caylor would timely file a proper motion for new trial and, if denied, would appeal; that immediately following petitioner's admission to the Indiana State Prison he was placed in quarantine and attempted to write to Mr. Caylor but the prison officials refused to permit him to do so; that he was called to the office of Ben Chiaccio, an inmate counselor, and told that he would have to confine his legal correspondence to the office of the Indiana Public Defender; that following his release from quarantine he was first made aware that under the statute a motion for new trial, as a prerequisite to an appeal to the Indiana Supreme Court, must be filed in the trial court within thirty days following verdict or imposition of judgment, and on June 25, 1955 he prepared a motion for new trial in longhand and forwarded it to the office of the warden for typing with instruction that it had to be filed in the trial court on or before July 2, 1955; that it was not mailed from the State Prison until on or about July 11 or 12, 1955 and was filed in the trial court on July 13, 1955, after the time for filing had expired.

If those allegations are true and have been proven by a preponderance of the evidence the petitioner has been denied his constitutional rights and he is entitled to relief. The issue thus presented is not one of law, because there is no question about the law, it is entirely one of fact.

The facts, as disclosed by the evidence in the record, are that the petitioner was committed to the Indiana State Prison and is there now held under a valid commitment of an Indiana State Court; that he was received thereat on June 5, 1955 and that he made absolutely no request whatsoever of any prison official to write to his court-appointed counsel, John Caylor; that he was never told that he had to confine his legal correspondence to the office of the Indiana Public Defender; that he was furnished an attorney of record form and if he had filled it out, designating Mr. Caylor as his attorney, he could have corresponded with him immediately and that he did not do so; that he had the right to correspond with his mother from the time he entered prison and that he made no request of her to aid him in any way; that he did not forward the motion for new trial to the office of the Warden on June 25, 1955 but that it was not delivered to Richard C. Kage, the Administrative Assistant to the Warden, until July 5, 1955, after the time for filing under the statute had expired; that the petitioner is 36 years of age and had served a term of one year at the Indiana Reformatory at Pendleton, Indiana, previous to his present confinement.

Factually this case does not bear the slightest resemblance to the case of Dowd v. U. S. ex rel. Cook, 1951, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215. There is no ban now at the Indiana State Prison on mailing out legal papers by an inmate. This we most definitely know from the reams of pleadings and correspondence we receive from inmates of the Indiana State Prison, and from the evidence in the record, the petitioner had the right from the day he entered the Indiana State Prison to correspond with his closest kin and with any attorney he might designate on his attorney of record form, and he also had the right to prepare, have typed and mailed for him any legal document which he desired if processed under the rules of the prison

which are plain, simple and fair. He was no prison neophyte. He had previously served time in prison and he was not as uninformed about such things as he would try to make this court now believe.

The burden was on the petitioner to prove the material allegations of his petition by a preponderance of the evidence. The evidence does preponderate but the preponderance is that the material allegations of his petition are untrue.

There is no credible evidence in the record that the petitioner was prevented by any official of the Indiana State Prison from timely pursuing the remedies made available to him by the statutes of Indiana, which completely afford the same avenues of relief to the poor and the rich alike. On the contrary, the evidence clearly establishes that the reason the petitioner failed to file a timely motion for a new trial was his own fault.

This court, therefore, concludes that the prayer of the petition be denied; that the petition be dismissed; that the Respondent be discharged from the writ, and that the Petitioner be remanded to the custody of the Respondent.

The Clerk will enter order accordingly.