**Charles Van MITCHELL**
v.
**STATE OF NORTH CAROLINA.**
Civ. No. 1439.

United States District Court
E. D. North Carolina,
Raleigh Division.

July 9, 1964.

Charles Van Mitchell, pro se.

T. W. Bruton, Atty. Gen. of North Carolina, for respondent.

BUTLER, Chief Judge.

This is an application for a writ of habeas corpus filed by Charles Van Mitchell, a state prisoner, now serving a sentence of not less than five nor more than six years imposed by the Superior Court of Johnston County, North Carolina, upon the petitioner's conviction by a jury of a crime against nature.

At the time of filing application the petitioner had not exhausted his state remedies and the cause was retained by this court to afford the State an opportunity to adjudicate within a reasonable time the constitutional questions raised. Subsequently, the State granted the peti-

tioner a post-conviction hearing pursuant to General Statutes § 15–217, et seq.

Upon consideration of the application, answer, and records of the State court, including the transcript of the proceedings at the post-conviction hearing, the court finds the following facts:

1. On March 26, 1962, while the petitioner was serving a sentence under the supervision of the North Carolina Prison Department, a warrant was issued by a Justice of the Peace charging him with a crime against nature upon a male prisoner twenty years of age.

2. From the date of the alleged offense on March 13, 1962, until he was taken before the Justice's court for a preliminary hearing on March 27, 1962, the petitioner was confined in a separate cell, isolated from other inmates.

3. At the hearing in the Justice's court the State's evidence, including the testimony of the alleged victim, was presented in the absence of the petitioner. The petitioner was then brought before the Justice's court and entered a plea of not guilty and, upon a finding of probable cause, he was returned to a separate cell to await trial in the Superior Court.

4. At the April Term, 1962, of the Superior Court of Johnston County, the grand jury returned a true bill charging the petitioner with a crime against nature.

5. On April 16, 1962, an order was entered in the Superior Court of Johnston County appointing counsel to represent the petitioner. Court-appointed counsel conferred with the petitioner on two occasions in preparation for the trial. On April 18, 1962, petitioner was tried before a jury upon his plea of not guilty. During the course of their deliberations the jurors informed the court that they were unable to reach a unanimous verdict, whereupon the trial Judge gave the jury supplemental instructions, and after further deliberation the jury returned a verdict of guilty and sentence was imposed.

6. After verdict and judgment, court-appointed counsel did not consult with the petitioner relative to an appeal and made no effort to take or perfect an appeal to the Supreme Court of North Carolina.

7. Petitioner was committed to the Central Prison of North Carolina on April 19, 1962, where he was without benefit of counsel. North Carolina law provides that an appeal must be taken by a defendant in a criminal action within ten days after rendition of judgment, unless the record shows an appeal taken at the trial. G.S. §§ 15–180 and 1–279.

8. On April 21, 1962, petitioner wrote the trial Judge a letter expressing his desire to appeal his conviction to the Supreme Court of North Carolina, or in the alternative for a new trial. The petitioner delivered the letter to prison authorities on April 21 to be mailed to the trial Judge, and prison records indicate that it was so mailed on April 27, 1962. Thereafter, the trial Judge informed petitioner that he had failed to give notice of appeal in apt time, and the Supreme Court of North Carolina denied a petition for a writ of certiorari on October 9, 1962, without a written opinion.

9. The official court reporter who made the stenographic notes of the proceedings in the trial court at the time of petitioner's arraignment, trial, conviction, and sentence, has not made a transcript of the proceedings and her notes are lost or destroyed and a transcript of said proceedings is not available for review by any court.

Upon the foregoing findings of fact, the court concludes:

1. The petitioner was an indigent prisoner without counsel at the time of his attempted appeal to the Supreme Court of North Carolina and was denied the statutory right to appellate review and his constitutional right of equal protection of the law. Dowd v. United

States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951).

2. The unavailability of a transcript of the testimony, charge of the court, and other proceedings at the trial, makes it wholly impossible for the State courts, either by appeal, writ of certiorari, or post-conviction remedies, to review the proceedings in the trial court to determine if the trial was without prejudicial error, or violative of the petitioner's constitutional rights. Furthermore, it is likewise impossible under such circumstances for the Federal court, upon an application for writ of habeas corpus, to review the State court proceedings.

■ 3. Under the facts shown petitioner would be deprived of his constitutional right to have his case reviewed unless he is granted a new trial. Dowd v. United States ex rel. Cook, supra; Cook v. State, Ind., 97 N.E.2d 625 (1951).

It is, therefore, ordered that the State of North Carolina file in the office of the Clerk of this Court in the Federal Building, Raleigh, North Carolina, on or before the 20th day of July, 1964, a statement certifying whether or not the State elects to retry the petitioner, Charles Van Mitchell.

It is further ordered that in the event the State should elect to retry the petitioner, the State of North Carolina shall proceed to retry him at the first term of Superior Court to convene hereafter in Johnston County at which criminal cases can be tried, and in any event on or before September 1, 1964, which the court deems to be a reasonable time for the retrial of the petitioner.

It is further ordered that the Clerk of this Court serve forthwith a copy of this order upon the petitioner, the State of North Carolina, and the Solicitor of the Fourth Solicitorial District.