**Walter LaFAVER, Appellant,**

v.

**John TURNER, Warden of Utah State
Prison, Appellee.**

**No. 8006.**

United States Court of Appeals
Tenth Circuit.

May 3, 1965.

Peter F. Breitenstein, Denver, Colo.,
for appellant.

Ronald N. Boyce, Salt Lake City, Utah
(A. Pratt Kesler, Atty. Gen., of Utah,
with him on brief), for appellee.

Before MURRAH, Chief Judge, and
LEWIS and SETH, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from judgment of the
District Court discharging a writ of
habeas corpus. The application for the
writ attacked the judgment in a Utah
state habeas corpus proceedings involving
petitioner's claim that his guilty plea on
a state charge was coerced and that he
was denied the right of an effective appeal
to the Utah Supreme Court.

The federal court entertained the peti-
tioner's application, apointed counsel and
conducted a full hearing pursuant to
which it found that petitioner had ex-
hausted his state remedies and that he
had been deprived of his constitutional
right to an effective appeal from an ad-
verse judgment in the state habeas corpus
proceedings. The Court accordingly
granted the writ but stayed the order for
a period of thirty days to afford either
party an opportunity to appeal to this
court. The petitioner was ordered re-
leased unless within twenty days from the
expiration of appeal time the Utah Su-
preme Court afforded him a review of the
state court judgment with the assistance
of counsel; provided, that if the appeal
were granted, petitioner would remain in
the custody of the state pending final de-
cision of the Utah Supreme Court. Ju-
risdiction over the matter was expressly
retained pending the execution of the sub-
stantive provisions of the order. See La-
Faver v. Turner, D.C., 231 F.Supp. 895.

No appeal from the provisional order of the federal District Court was taken or attempted. Petitioner's appeal to the Supreme Court of Utah was "reinstated" and the same counsel appointed to represent him. The Utah Supreme Court reviewed the record and affirmed the judgment. The state thereupon moved to dismiss the federal habeas corpus proceedings on the grounds that the conditions of the federal court's order had been fully satisfied. The federal trial court then conducted another hearing at which petitioner and his counsel were present. Pursuant to this hearing, the trial court specifically found that the action of the Supreme Court affirming the state District Court's judgment was in compliance with its provisional judgment and "as a consequence thereof a release of the petitioner was abated". Having thus vouchsafed the full right of an appeal from the state court judgment, the trial court proceeded, as if out of an abundance of precaution (i. e. see Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 and Fay v. Noia, 372 U.S. 391, 419, 83 S.Ct. 822, 9 L.Ed.2d 837), to independently determine the coercion issue based upon the full record as developed in the state habeas corpus proceedings.[1]

Upon consideration of this issue, the trial court specifically found that the guilty plea was not coerced, but on the contrary, the "facts demonstrate that the petitioner entered a voluntary plea of guilty without any coercion or violation of his constitutional rights." The Court finally concluded that the petitioner had been accorded due process and equal protection of the law, and the writ was discharged.

■ On appeal petitioner's appointed counsel advances the ingenious argument that since the Federal Rules of Civil Procedure are applicable to habeas corpus proceedings, and since they do not authorize the vacation of a judgment except in accordance with the provisions of Rule 60(b), the trial court was powerless to deny the writ after having once granted it. The short and conclusive answer is, of course, that the Court's judgment granting the writ in the first place was expressly conditioned upon the granting of the right of an appeal in the Utah Supreme Court, and there can be no doubt of the power of the Court to so condition its order. The statute which authorizes the Court to entertain the application for a writ expressly authorizes it to "dispose of the matter as law and justice require." See 28 U.S.C. § 2243. The habeas corpus court is thus empowered to fashion the remedy for deprivation of a right to suit the needs of the case, including a delay of the discharge of the prisoner to afford the state an opportunity to correct the defects on which the order of discharge is based. See Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215; Irvin v. Dowd, 366 U.S. 717, 729, 81 S.Ct. 1639, 6 L.Ed.2d 751; Chase v. Page, CA 10, January Term, 343 F.2d 167.

■ Petitioner attacks as clearly erroneous the findings of both the state and federal courts on the issue of coercion. But, our examination of the record leaves no doubt the findings of the court are amply supported by the record. Indeed, the petitioner's claim of coercion is utterly baseless and false.

Judgment is affirmed.

---

1. Transcript of the record of the exhaustive proceedings in the state habeas corpus court was admitted on stipulation in the federal District Court.