James Edward SLIGH

v.

STATE OF NORTH CAROLINA and K. B. Bailey, Warden.

Civ. No. 1710.

United States District Court
E. D. North Carolina,
Raleigh Division.

Oct. 19, 1965.

Theodore C. Brown, Jr., of Raleigh, N. C., for respondents.

James Edward Sligh, pro se.

BUTLER, Chief Judge.

This is an application for a writ of habeas corpus by a state prisoner. It appears to the court from the verified application, answer of respondents, and state court records, that petitioner is confined pursuant to a sentence of life imprisonment imposed by the Superior Court of Randolph County, North Carolina, at the September 1962 Term upon his plea of guilty of first-degree burglary and rape.

In support of the contention that his custody violates the Constitution of the United States, petitioner alleges that there was a delay of fifty-three hours from the time of his arrest until he was taken before a magistrate; that during police interrogation he twice asked for a lawyer but that the right was denied; that he was not advised of the right to remain silent; that a confession made by him in the absence of a lawyer was admitted against him in court; that officers threatened him with the gas chamber if he did not confess and plead guilty; and that counsel was ineffective.

The respondents' answer alleges that petitioner presented these claims at a post-conviction hearing under N.C.Gen. Stat. § 15–217 et seq., and that relief was denied; that petitioner had the assistance of competent counsel and freely and voluntarily entered a plea of guilty with knowledge of the consequences thereof; that even if petitioner's confession "was in any way tainted or in any way not properly executed," petitioner admitted his guilt and acquiesced in same upon the advice of his attorney in open court; and that petitioner had served prior sentences and knew the serious nature of the charges against him. In support of their motion to dismiss, respondents attach a certified copy of the state court order denying relief at the post-conviction hearing, and a certified copy of an order from the North Carolina Supreme Court denying petitioner's writ of certiorari.

Respondents do not attach to their answer the record of the post-conviction proceedings, including a transcript of testimony which served as a basis for denial of relief. Indeed, it appears from the order that no plenary hearing was held, but that the post-conviction court relied on a reading of petitioner's claims and "the court records" in dismissing the petition. There is no mention in the order of petitioner's allegation of the use of a coerced confession, and the findings of fact as to other allegations are not supported by a transcript of the evidence.

Mindful of its obligations in habeas corpus proceedings, this court has twice requested of state authorities a copy of state records upon which a determination of petitioner's allegations might be based. The first request was by letter of June 24, 1965, to the office of the Attorney General; the second, by letter of September 24, 1965, addressed to petitioner, a copy of which was sent to and receipt acknowledged by the office of the Attorney General. This court has not yet received the necessary state records in reply to these requests.

The fact that petitioner pleaded guilty to the offenses charged does not foreclose his later contention in habeas corpus that his plea was coerced.

United States ex rel. McGrath v. LaVallee, 319 F.2d 308 (2 Cir. 1963). When amply supported by state court records, a finding adverse to complainants on federal constitutional questions should be sustained by federal courts. Ramsey v. Hand, 309 F.2d 947 (10 Cir.), cert. denied, 373 U.S. 940, 83 S.Ct. 1547, 10 L. Ed.2d 695 (1962). But, "if because no record can be obtained the district judge has no way of determining whether a full and fair hearing which resulted in findings of relevant fact was vouchsafed", the general rule is that the district court must hold a hearing. Townsend v. Sain, 372 U.S. 293, 318, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963). Whether to hold a hearing is a matter left to the district judge. Ibid.

■■ In determining a habeas corpus case on the pleadings, the court must view the petition in the light most favorable to petitioner and must accept as true well pleaded allegations of fact. Greene v. Michigan Dept. of Corrections, 315 F.2d 546 (6 Cir. 1963). Here, petitioner alleges his arrest without warrant and the lapse of fifty-three hours before being taken to a magistrate; he alleges two specific requests to see counsel during a period of intense questioning, and the refusal thereof; he alleges that officers threatened him with the gas chamber if he did not confess and plead guilty; he alleges that he was never advised of his right to remain silent; and he alleges the use of a coerced confession in evidence against him. Taken in the light most favorable to petitioner, it cannot be said that he has failed as a matter of law to allege facts sustaining his complaint of a coerced confession and guilty plea.

■ It is, of course, elementary that the primary responsibility is upon the state courts to correct federal constitutional errors which taint a state conviction. "[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Darr v. Burford, 339 U.S.

200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950), Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 337 (1963), 28 U.S. C.A. § 2254 (1959). Only by affording the state an opportunity to correct constitutional errors in a state trial will the primary obligation of the state to enforce its criminal law be preserved and the doctrine of comity between courts remain intact—"a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950).

This court has on two occasions, as previously stated, endeavored since June 24, 1965, to get records from state authorities upon which a determination of petitioner's case could be made, thus possibly avoiding the need for a plenary hearing in this court or further proceedings in the state court. Moreover, we call attention to Gen. Rule 17, subd. B, U.S.Dist.Ct., E.D.N.C., which reads in pertinent part: "The respondent [in a habeas corpus proceeding by a state prisoner] shall attach to his answer certified copies of the indictment, plea of petitioner, and the judgment, or such of them, *and such other records, including the records of any post-conviction proceedings,* as may be material to the issues joined." (Emphasis added.) Notwithstanding these requests and the requirements of our local rule, this court remains without the necessary state records.

This court has on prior occasions faced the dilemma of weighing a petitioner's constitutional complaints against a state court conviction for which no state records were available for review. See Mitchell v. State of North Carolina, 247 F.Supp. 139 (E.D.N.C. 1964—Memorandum Opinion and Order). The court noted in the Mitchell case that "it is likewise impossible under such circumstances for the Federal court, upon an application for writ of habeas corpus,

to review the State court proceedings." The court found that petitioner would be deprived of his constitutional right to have his cause reviewed unless he were granted a new trial.

There is nothing in the instant case to distinguish it from Mitchell, except that here petitioner alleges a coerced guilty plea, while in Mitchell petitioner alleged a denial of his right to appeal. Both allegations are of federal constitutional proportions, see Greene v. Michigan Dept. of Corrections, supra, and Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951). A plea of guilty induced by promises or threats which deprive it of the character of a voluntary act is void and subject to collateral attack. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

In Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), a habeas corpus proceeding, the trial jury under New York practice had determined that the confession of petitioner was voluntary. The United States Supreme Court, noting that "we cannot determine how the jury resolved these issues [reliability and voluntariness of confession] and will not assume that they were reliably and properly resolved against the accused", Ibid. at 387, 84 S.Ct. at 1786, remanded to the district court "to allow the State a reasonable time to afford Jackson a hearing or a new trial, failing which Jackson is entitled to his release." Ibid at 396, 84 S.Ct. at 1791. The Court said:

"It is New York, therefore, not the federal habeas corpus court, which should first provide Jackson with that which he has not yet had and to which he is constitutionally entitled—an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession. It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence. * * * [If] it is determined that Jackson's con-

fession was voluntarily given * * * we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty. * * * Of course, if the state court, at an evidentiary hearing, redetermines the facts and decides that Jackson's confession was involuntary, there must be a new trial on guilt or innocence without the confession's being admitted in evidence. Obviously, the State is free to give Jackson a new trial if it so chooses, but for us to impose this requirement before the outcome of the new hearing on voluntariness is known would not comport with the interests of sound judicial administration and the proper relationship between federal and state courts." 378 U.S. at 393–395, 84 S.Ct. at 1790.

The problem here is identical to that in Jackson v. Denno, except that here the question is the voluntariness of a guilty plea, not of a confession. If a new hearing on the voluntariness of the plea reliably determines the issue against petitioner, he could not then attack the confession in a collateral proceeding. United States v. Wagner, 309 F.2d 7 (6 Cir. 1962). But a finding of an involuntary plea would require either the petitioner's release or a new trial in the state court, at which the voluntariness of the confession should be determined before admission. Jackson v. Denno, supra.

■ Accordingly, it is ordered that the State of North Carolina is allowed a reasonable time to afford petitioner a hearing or a new trial, failing which petitioner is entitled to his release.

It is further ordered that the State of North Carolina file in the office of the clerk of this court in the Federal Building, Raleigh, North Carolina, on or before November 9, 1965, a statement certifying whether the State elects to give petitioner a hearing or new trial.

869

And it is further ordered that the clerk of this court serve forthwith a copy of this order upon the petitioner, the respondents, and the Solicitor of the Fifteenth Solicitorial District.

This cause is retained.