Gary M. **SCOBIE**, Appellant,

v.

The **STATE OF OKLAHOMA** et al.,
Appellee.

No. 8424.

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1966.

Arthur J. Movius, Denver, Colo., for appellant.

Charles L. Owens, Asst. Atty. Gen., for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

Appellant, presently confined in the Oklahoma State Penitentiary, filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma, asserting that he had been denied a federal constitutional right through the unilateral acts of the state public defender in refusing to perfect an appeal on appellant's behalf. Finding that appellant's contentions had merit, the federal district court, 239 F.Supp. 646, held in abeyance an order of relief to allow the State of Oklahoma an opportunity to afford appellate review of his conviction. The state through legislation and judicial decision afforded appellant the opportunity and right earlier denied to him. In re Scobie's Appeal, Okl.Cr., 403 P.2d 257. The federal district court thereupon dismissed appellant's petition for a writ of habeas corpus and this appeal followed.

Although we are informed that Scobie's appeal attacking the merits of his conviction is still pending in Oklahoma's Court of Criminal Appeals, he makes the remarkable assertion in this court that the federal district court erred in dismissing his petition for a writ because the Oklahoma legislation, Okl.Laws 1965, S.B. 152, and the state court decision, In re Scobie's Appeal, supra, by which Oklahoma has afforded him the federal right he sought, are violative of designated provisions of the state constitution. Federal habeas corpus cannot be used to test the validity of state statutes in light of state constitutions and appellant's argument, if extended, is self-denying. If the Oklahoma constitution bars state legislation affording to its citizens their federal constitutional rights, such state constitution is itself unconstitutional. U.S.Const. art. VI.

Affirmed.