**Glenn J. MILLER, Appellant,**

v.

**STATE OF OKLAHOMA, Appellee.**

No. 8612.

United States Court of Appeals
Tenth Circuit.

July 25, 1966.

Edgar W. Dwire, Wichita, Kan., for appellant.

Hugh Collum, Shawnee, Okl. (Charles Nesbitt and Charles L. Owens, Oklahoma City, with him on brief), for appellee.

Before MURRAH, Chief Judge, SETH, Circuit Judge, and LANGLEY, District Judge.

MURRAH, Chief Judge.

Petitioner Miller, presently confined in the Oklahoma State Penitentiary, filed his application for writ of habeas corpus in the federal district court contending he had been denied his right to appeal his state conviction and sentence for robbery with firearms after former conviction of a felony. Pursuant to several hearings, both federal and state,[1] the federal court sustained petitioner's contention and ordered the State of Oklahoma to allow the appeal, direct preparation of the trial transcript and appoint counsel within thirty days or release the petitioner from his unconstitutional confinement. Through legislation and judicial decision, the state granted petitioner the right to appeal in forma pauperis which had earli-

er been denied. Miller v. State, Okl.Cr., 406 P.2d 1015. Petitioner's application for the writ was then dismissed and this appeal followed.

Although we have been informed that petitioner's state appeal is now being perfected, he asserts here that the federal trial court erred in not ordering his immediate release. His argument is to the effect that the state legislation relating to belated appeal, i. e. 22 O.S. § 1073, violates designated provisions of the Oklahoma constitution, denies him constitutional equal protection and is ex post facto as to him. This court answered the same contention in Scobie v. State of Oklahoma, 356 F.2d 511, and the answer there is conclusive here. Validity of state statutes in the light of state constitutions cannot be tested by federal habeas corpus. If the Oklahoma constitution prohibits legislation affording petitioner his federal constitutional rights, the state constitution is itself unconstitutional, Id. 511. The statute complained of is not ex post facto for the reason that it is not punitive but remedial.

Petitioner also argues that at no time has he sought to have his case remanded for the granting of an appeal; that his continued confinement, therefore, violates his constitutional rights; and that it was error not to release him at least pending the state appeal. But, the habeas corpus court is empowered to fashion a remedy for deprivation of a right, including a delay of the discharge of the prisoner to afford the state an opportunity to correct defects on which the order to discharge is based. LaFaver v. Turner, 10 Cir., 345 F.2d 519; Dowd v. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215; Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751; Chase v. Page, 10 Cir., 343 F.2d 167.

Complaint is also made of the federal trial court's refusal to conduct an evidentiary hearing to determine if per-

---

[1] The federal court conducted an evidentiary hearing on petitioner's application and the state court thereafter conducted a hearing to determine whether he was an indigent.

jured testimony was knowingly and intentionally used in the state trial. We cannot tell from the record whether the use of perjured testimony is one of the points urged on appeal to the state court. But, in any event, it is neither contended nor demonstrated that an adequate state remedy is not available for relief from a judgment of conviction infected by perjured testimony. A state prisoner is not at liberty to bypass state remedies, and must exhaust them before seeking relief from the federal courts. Watson v. Patterson, 10 Cir., 358 F.2d 297; Barber v. Page, 10 Cir., 355 F.2d 171, and cases cited.

We agree with the trial court that petitioner's claims of ineffective counsel and not having counsel of his choice at his state trial are not supported by the evidence. In any event, this is a matter to be urged in the state court and is certainly premature here.

The judgment is affirmed.