CLARENCE D. BROWN v. ELMO TAYLOR, JUDGE,

LEE CIRCUIT COURT

5358 432 S.W. 2d 751

Opinion Delivered October 21, 1968

436

*Gary L. Eubanks* for petitioner.

*Joe Purcell*, Atty. Gen. and *Don Langston*, Asst. Atty. Gen. for appellee.

JOHN A. FOGLEMAN, Justice. Petitioner, who was convicted of burglary and grand larceny in the Circuit Court of Lee County on November 2, 1966, seeks a writ of mandamus to require that court either:

(1) conduct a hearing for post-conviction relief at which he would have the assistance of counsel and the proceedings would be reported;

(2) conduct an evidentiary hearing from the record of which this court might determine whether he had been accorded all his constitutional rights; or

(3) grant a new trial.

The petition was filed on April 5, 1968. No response has ever been filed, but the brief filed by the Attorney General has adequately set out the position of respondent on the allegations of petitioner.

Petitioner is in custody at the Arkansas State Penitentiary under commitment from the circuit court to a sentence of 12 years on his conviction there. His conviction was not appealed at the time he was sentenced. He filed a petition for mandamus in the trial court 20 days after having been sentenced, asking that a record of his trial be furnished him as a pauper without cost to him in order that he might prepare an appeal. While

no formal order was entered of record, a hearing on petitioner's pleading was held on March 8, 1967. The court's docket entry substantiates the circuit judge's statement that petitioner's pleading was considered as a motion for new trial and overruled. An appeal was granted to petitioner and the court stated that he would be furnished a transcript of the record without cost to him. The attorney employed to represent petitioner at his trial was appointed to represent him in further proceedings.

At this hearing, petitioner only testified as to his poverty and the fact that he had not employed counsel for an appeal, after having identified his pleading. He stated that he had discussed the matter of an appeal with his attorney right after the trial, but that he did not then appeal because he was not able to pay the expense involved. There is nothing in the record to show why the appeal granted was not perfected. In petitioner's brief here it is stated that the transcript was not furnished by the court reporter until May of 1968, in spite of repeated demands by the petitioner, his attorney, and his relatives. There is nothing in the record to substantiate these statements, but the court reporter's certificate is dated April 25, 1968, and the clerk's certificate is dated May 29, 1968.

On December 18, 1967, appellant filed a verified pleading in the circuit court labeled ''Petition for Writ of Habeas Corpus,'' asserting Criminal Procedure Rule I as jurisdictional authority. He advanced eight points as grounds for collateral attack on his conviction and sentence, among which was an allegation that he was, in effect, denied his right to appeal. His verification included an affidavit as to his poverty, which is not controverted. Petitioner included a motion for process for certain witnesses along with his petition for post-conviction relief. On February 16, 1968, the circuit court denied petitioner any further hearing, even in post-conviction proceedings. According to the court's

order, this denial was based upon petitioner's failure to perfect the appeal granted March 8, 1967, and upon a finding that the record in the case disclosed that all of the rights of petitioner had been properly adjudicated in the circuit court. There was no specification by the trial court of the parts of the files or records relied upon to sustain the court's findings, as required by Criminal Procedure Rule I(C) whenever the record shows conclusively that a petitioner is entitled to no relief. While some of the points asserted in petitioner's pleading do not seem to raise issues which would subject the judgment of conviction to collateral attack, we have been unable to find from the record any showing that there was no merit in some of petitioner's contentions, *e.g.*, that his arrest was unlawful, that he was, in effect, denied his right of appeal, or that he was denied due process of law by the court's having permitted the sheriff to enter the jury room during jury deliberations on his case.

The United States Supreme Court has made it quite clear that any action or omission on the part of a state or any of its officers, which, in effect, denies to a defendant an appellate review because of his poverty, constitutes a violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution. *Dowd* v. *Cook,* 340 U.S. 206, 71 S. Ct. 262, 95 L. Ed. 215, 19 ALR 2d 784 (1950); *Griffin* v. *Illinois,* 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891, 55 ALR 2d 1055 (1955); *Eskridge* v. *Washington State Board,* 357 U.S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061 (1958); *Burns* v. *Ohio,* 360 U.S. 252, 79 S. Ct. 1164, 3 L. Ed. 2d 1209 (1959); *Douglas* v. *California,* 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963); *Lane* v. *Brown,* 372 U.S. 477, 83 S. Ct. 768, 9 L. Ed. 2d 892 (1963); *Draper* v. *Washington,* 372 U.S. 487, 83 S. Ct. 774, 9 L. Ed. 2d 899 (1963); *Rinaldi* v. *Yeager,* 384 U.S. 305, 86 S. Ct. 1497, 16 L. Ed. 2d 577 (1966); *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Conclusion of a trial judge that there was no error in the proceed-

ings is not permitted as a substitute for full appellate review. *Eskridge* v. *Washington State Board, supra; Lane* v. *Brown, supra; Anders* v. *California, supra.*

Writ of mandamus directing the Lee Circuit Court to conduct an evidentiary hearing for post-conviction relief sought by appellant's petition filed December 18, 1967, pursuant to Criminal Procedure Rule I(E) is granted. In such hearing, the circuit court shall, among other things, determine whether petitioner has, in effect, been denied the right of appeal, considering developments subsequent to December 18, 1967, as well as prior thereto. The transcript of the record filed here will be considered a part of the record in any further proceedings relating to petitioner's conviction of the charges in the matter now before the court.

Writ granted.