E. Wilson PURDY, in his capacity as
Sheriff and ex officio jailer of Dade
County, Florida, Appellant,

v.

UNITED STATES of America ex rel.
Lillian REIS, Appellee.

No. 25434.

United States Court of Appeals
Fifth Circuit.

Sept. 19, 1969.

Rehearing Denied Oct. 13, 1969.

---

Arden M. Siegendorf, Asst. Atty. Gen., Earl Faircloth, Atty. Gen. State of Florida, Miami, Fla., for appellant.

Jack R. Nageley, Bernard A. Frank, Miami Beach, Fla., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and SUTTLE, District Judge.

SIMPSON, Circuit Judge:

Lillian Reis, the habeas corpus petitioner below and appellee here (petitioner), was convicted in the Criminal Court of Record for Dade County, Florida, in September of 1965 for violating Florida laws respecting the unlawful possession of narcotic drugs. Seeking to appeal on the basis of an alleged illegal search and seizure, she asked to be declared insolvent, or to be provided with a forma pauperis transcript. The trial judge's denial of this request was reversed by the District Court of Appeal of Florida and remanded for further findings. The trial court, after hearing testimony on the issue of insolvency, again denied petitioner's request for a forma pauperis transcript and this ruling was affirmed by the District Court of Appeal of Florida. The trial court denied petitioner's request to stipulate the facts to the appellate court and the appellate court dismissed the appeal because no transcript was produced. Petitioner's original petition for habeas corpus in the United States District Court for the Southern District of Florida was dismissed for failure to exhaust state remedies. Thereupon, a petition for habeas corpus was filed in the Supreme Court of Florida raising issues of insolvency as well as illegal search and seizure and was denied per curiam without opinion.

The present petition for habeas corpus was then filed with the United States District Court, which found that it had jurisdiction because petitioner had exhausted her state remedies. The District Court held that the state trial judge, while giving petitioner an opportunity to show her insolvency, had denied petitioner her right to appeal by completely and arbitrarily ignoring all the evidence presented. The resulting discrimination against petitioner was found to deny her equal protection of the laws and to deprive her of her liberty without due process of law. The following order was then issued: "It is therefore ORDERED AND ADJUDGED that:

"1. Petitioner, Lillian Reis, is hereby released and permanently discharged from the custody of respondent George E. Leppig, in his capacity as Sheriff and ex officio jailer of Dade County, Florida, *unless:*

"A. The Criminal Court of Record in and for Dade County, Florida, orders within fifteen (15) days of a promptly filed motion, the preparation and transcription of a forma pauperis transcript of the proceedings and trial of petitioner's cases numbered 65–2813 and 65–2814; and

"B. The Third District Court of Appeal for the State of Florida grants petitioner leave to prosecute the appeal of the above-named cases, and signifies within fifteen (15) days from the date of the filing of the notice of appeal that it will accept and hear petitioner's appeal on the merits; said notice of appeal to be promptly filed if and when the Criminal Court of Record enters the order described in 'A' above". Upon the respondent's application, the effect of this final judgment was stayed pending appeal to this Court.[1]

This order was affirmed by this Court in Buchanan v. United States ex rel. Reis (5th Cir. 1967), 379 F.2d 612, where we pointed out that although the procedure to be followed in obtaining appellate

---

1. The District Court's opinion and orders are reported at United States ex rel. Reis v. Leppig, 256 F.Supp. 881 (1966).

review of state court convictions should ordinarily be left to the states, the District Judge after a thorough examination of the Florida appellate processes had expressly exercised his discretion in ordering alternative methods of review. This action was found by us to be, in the language of Title 28, U.S.C. § 2106, "Just under the circumstances". Op. cit. at 613.

The Criminal Court of Record for Dade County, pursuant to the order of the United States District Judge and the affirmance of that order by this Court, issued an order declaring petitioner insolvent and requiring the court reporter to prepare the pertinent transcripts. The State of Florida then made an extraordinary motion in the District Court of Appeal of Florida for the Third District asking for an appropriate order signifying to the United States District Court that the District Court of Appeal of Florida would accept and hear the appeals filed on July 25, 1967, or alternatively would reinstate the appeals that had been dismissed on February 11, 1966. The District Court of Appeal of Florida denied the motion on the ground that it "patently lacks jurisdiction to review an appeal filed more than 90 days after the judgment and sentence appealed," and likewise held that the alternative motion to reinstate appeals dismissed for good cause more than five months previously must likewise be denied. The United States District Court below then heard petitioner's motion for entry of an order permanently discharging her from custody. The court granted respondent's motion for construction of the phrase "permanent discharge" and construed the phrase to mean, as applied to the facts of this case, "a discharge which is final, forever and without recourse on the part of the State of Florida to re-try petitioner."

The question on this appeal is whether the State of Florida should be thus enjoined from ever trying petitioner again. We hold that the order of the District Judge was too broad and that the judgment below, to the extent that it precludes the State of Florida from conducting further proceedings against petitioner, must be reversed.

The scope of relief in habeas corpus cases is narrow. "Habeas [corpus] lies to enforce the right of personal liberty; when that right is denied and a person confined, *the federal court has the power to release him.* Indeed, it has no other power. It cannot revise the state court judgment; *it can only act on the body of the prisoner*". (Emphasis added.) Fay v. Noia (1963), 372 U.S. 391, 430, 431, 83 S.Ct. 822, 844, 9 L.Ed.2d 837, 864.

Petitioner places heavy reliance upon Dowd v. United States ex rel. Cook, 1951, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, which held that, "Under the peculiar circumstances of this case, nothing short of an actual appellate determination of the merits of the conviction—according to the procedure in ordinary cases—would cure the original denial of equal protection of the law". 340 U.S. at 209, 71 S.Ct. at 264. This reliance is misplaced. As that case also pointed out, "Now that this Court has determined the federal constitutional question, Indiana may find it possible to provide the appellate review to which respondent is entitled". It is true that in subsequent proceedings the Indiana courts found that a bill of exceptions containing all the evidence given at the trial could not be afforded to petitioner, but the court referred to the loss of exhibits and notebooks and the death of witnesses as the reason (the case had been tried over 20 years previously). See Cook v. State, 110 N.E. 2d 749 (Ind. 1953). No such facts are present here. And, although the state court in *Cook* adjudged the matter ended, that determination is far different from a federal court enjoining a state from re-trying a discharged prisoner. Nor are other cases relied upon by petitioner any authority for enjoining a state from undertaking further proceedings. In Lane v. Brown, 1962, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, the prisoner was ordered discharged from custody unless

within a reasonable time the state provided an appeal on the merits. In Wynn v. Page (10th Cir. 1966), 369 F. 2d 930, the Court of Appeals remanded the case to the District Court to hold the case in abeyance for no more than six months for the state court to grant leave to appeal, etc., and held that if the appeal were not granted a writ should issue discharging the prisoner. To the same effect are Chase v. Page, (10th Cir. 1965), 343 F.2d 167, and Fox v. North Carolina (D.C.E.D.N.C.1967), 266 F. Supp. 19, also relied upon by petitioner. It will be noted that none of these cases was concerned with a sweeping order forever enjoining a state from retrying a petitioner. They deal only with the question of whether a prisoner is being held in violation of his rights and under what circumstances an order should issue requiring his release from state custody. That question is not really present here and the appeal is only from that part of the District Court's enjoining further proceeding. It seems uncontroverted that petitioner had been deprived of her constitutional rights in the invoking of the appellate procedure of the State of Florida. And it seems equally clear that if she is not able to secure these rights she should be released. Such a result does not by any means entail a corollary privilege that she be immune from further proceedings in which her rights —at the trial and through the appellate level—are fully accorded. We are not willing to assume that these rights will be denied.

Respondent in its reply brief suggests that petitioner may still have an avenue of appellate review by filing a motion to vacate the judgment and sentence, which respondent contends will be treated by the state court as a delayed motion for a new trial. This procedure was suggested by this Court in Wainwright v. Simpson (5th Cir. 1966), 360 F.2d 307, 310, where we referred to Florida's having provided "an effective post-conviction remedy which may be used for full review of claimed errors in cases where a defendant has been unconstitutionally denied his

right to appeal", citing State ex rel. Ervin v. Smith (Fla.1964), 160 So.2d 518; Jackson v. State (Fla.App.1964), 166 So.2d 194; Cannon v. State (Fla.App. 1966), 181 So.2d 584.

The judgment appealed from is reversed and remanded with directions that petitioner be given a reasonable time within which to file in her trial court a motion to vacate judgment and sentence. If this motion is neither granted nor successful in obtaining for petitioner the full appellate review to which she is constitutionally entitled, an order should then be issued discharging her from custody.

Reversed and remanded with directions.