**Louis M. MAINIERO, Petitioner–Appellant,**

v.

**Eurial JORDAN, Administrator, Division of Probation and Parole, and James E. Doyle, Attorney General of Wisconsin, Respondents–Appellees.**

No. 96–1740.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 19, 1996.

Decided Jan. 27, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied March 4, 1997.

**362**

Stephen M. Glynn (argued), Robert R. Henak, Shellow, Shellow & Glynn, Milwaukee, WI, for Petitioner–Appellant.

Marguerite M. Moeller (argued), James E. Doyle, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondents–Appellees.

Before COFFEY, FLAUM and MANION, Circuit Judges.

COFFEY, Circuit Judge.

Appellant Louis Mainiero was found guilty by a jury in a Wisconsin state court of one count of second degree sexual assault of a child in violation of Wisconsin Statutes section 948.02(2), and a misdemeanor count of trespass to a dwelling.[1] Mainiero was sentenced to six years incarceration on the sexual assault charge. The Wisconsin Court of Appeals ("appellate court") affirmed Mainie-

ro's convictions. *State v. Mainiero,* 189 Wis.2d 80, 525 N.W.2d 304 (App.1994). The Wisconsin Supreme Court denied review. *State v. Mainiero,* 531 N.W.2d 326 (Wis. 1995). The district court denied Mainiero's petition for a writ of habeas corpus. Mainiero appeals, arguing that the trial court denied him due process in finding that allegedly exculpatory evidence did not need to be disclosed. He also claims the appellate court deprived him of due process and equal protection in failing to address an issue that he raised before that court. We affirm.

## I. Background

In March 1992, Mainiero was accused by a fifteen year old female (the "complainant") of touching her breasts, buttocks and vagina during the course of several massages[2] that he gave her over a five month period while she was employed in his home as a baby sitter. After the complainant made these allegations, her mother arranged for her admission to the psychiatric unit of Waukesha [Wisconsin] Memorial Hospital ("hospital") because she was contemplating suicide. Psychiatric records compiled during her stay in the hospital contain allegations that Mainiero had made sexual contact with her. The records also indicate that the complainant was grieving the death of a friend from leukemia during January 1992.

Prior to trial, Mainiero moved the trial judge for *in camera* review and disclosure of the hospital's psychiatric records pertaining to complainant's treatment. The trial court, after reviewing the psychiatric records *in camera,* declined to reveal any part of them to Mainiero for his defense. The trial judge orally denied Mainiero's motion, issuing a more detailed written statement after trial in which he found that the

> overall theme of the reports deals with her treatment [for] depression, self respect issues and so on, and the only cause that is recited in those reports pertains to the allegations of sexual assaults made against

---

1. Mainiero had been charged with two counts of sexual assault and was acquitted of the charges contained in count two. The trespass conviction is not before us.

2. Mainiero testified that he and his wife had received formal instruction in various massage techniques, and that he often performed massages for men and women, including the Mainiero's baby sitters and their mothers.

Mr. Mainiero. There is reference in the report that [the complainant] may also have been sad or grieving the death of a friend from leukemia during the month of January 1992, but the primary focus of the reports again deals with the sexual assault allegations and her inability to cope with ramifications of that event.... It is further the court's review of those documents that in reference to the sexual assault, the court was not aware of any contradictory statements from the information gleaned in the criminal complaint and the nature of the charges. Based on that review of the document, it is the court's opinion that there is nothing contained therein that would be reasonable and necessary for a presentation of the defense's case or cross examination of [the complainant].

Mainiero appealed the trial judge's denial of his motion to disclose the psychiatric records. The appellate court, referring to the records in question, "conclud[ed] that ... [they] do not contain information that probably would have changed the outcome of the trial." *Mainiero,* 525 N.W.2d at 308. Mainiero filed a petition for a writ of habeas corpus with the district court which denied the writ. The district court, after reviewing the psychiatric records, agreed with the trial judge and the appellate court that "[t]here is nothing [in the psychiatric records] to undermine confidence in the outcome of Mainiero's trial." *Mainiero v. Jordan,* No. 95–C–703, slip op. at 10 (E.D.Wis. March 6, 1996).

Mainiero appeals the district court's denial of his habeas corpus petition, arguing that the trial judge denied him due process by failing to disclose allegedly exculpatory information contained in the psychiatric records, wherein the complainant was reported to have grieved the death of a friend from leukemia. Mainiero also maintains that the appellate court denied him due process and equal protection by declining to address in its written opinion whether the trial court improperly admitted extrinsic evidence of his character.

**3.** Pub.L. 104–132, 110 Stat. 1214. Under *Lindh v. Murphy,* 96 F.3d 856 (7th Cir.1996) *(en banc),* the amendments to section 2254 are applicable to cases, such as the instant controversy, that

## II. Discussion

### A. Hospital Records

Mainiero argues that the trial judge's decision not to disclose parts of the complainant's psychiatric records denied him due process of law because the records are contrary to the complainant's trial testimony and rebut the primary, if not the sole, evidence in support of his sexual assault conviction. Habeas corpus review of state court judgments is circumscribed by section 2254 of Title 28 and the recently-enacted amendments to the same contained in the Antiterrorism and Effective Death Penalty Act of 1996,[3] which provides in relevant part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was *contrary to,* or involved an unreasonable application of, *clearly established* Federal law, as determined by the Supreme Court of the United States ... (emphasis added).

The appellate court began its analysis by stating that under the Supreme Court's decision in *Pennsylvania v. Ritchie,* 480 U.S. 39, 58, 107 S.Ct. 989, 1001–02, 94 L.Ed.2d 40 (1987), it had to determine "whether the psychiatric records contain[ed] information material to [Mainiero] that 'probably would have changed the outcome of [his] trial.'" *Mainiero,* 525 N.W.2d at 307 (quoting *Ritchie,* 480 U.S. at 58, 107 S.Ct. at 1002). Quoting another decision of the Supreme Court, the appellate court observed that "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* at 57, 107 S.Ct. at 1001 (quoting *United*

were pending at the time of enactment of the Antiterrorism and Effective Death Penalty Act of 1996.

*States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)).

The appellate court issued its opinion affirming Mainiero's conviction on November 2, 1994. At this time, the aforementioned Supreme Court cases were the prevailing precedents defining "material" for purposes of determining when the government, consistent with due process, must turn over evidence in its possession that is both favorable to the accused and "material either to guilt or to punishment." *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963).[4] The appellate court's decision, therefore, was not "contrary to" "clearly-established," relevant Supreme Court precedent. Under the new provision in section 2254, we must also determine if the appellate court's decision involved an "unreasonable application" of the foregoing Supreme Court precedents to the facts.

■ We review the appellate court's findings under an abuse of discretion standard. *United States v. Williams,* 81 F.3d 1434, 1438 (7th Cir.1996); *United States v. Silva,* 71 F.3d 667, 670 (7th Cir.1995); *United States v. Boyd,* 55 F.3d 239, 242 (7th Cir. 1995). The appellate court, upon review, agreed with the trial judge that the only cause identified by the complainant's treating psychiatrists for her depression and suicidal thoughts was the alleged sexual assault by Mainiero. *Mainiero,* 525 N.W.2d at 308. This being so, it was not unreasonable for the district court to find, relying upon the decision of the appellate court, that the failure to disclose "two or three passing references to the death of the complainant's friend in the hundred-plus pages of the records," *Mainiero,* slip op. at 10, did not undermine confidence in the outcome of the trial. Cross-examination of the complainant concerning

her references to the death of her friend would not *necessarily* have yielded any testimony exculpatory to Mainiero even if the complainant had admitted that her friend's death was a cause of her depression. Even though complainant may have testified that her mental health problems were attributable to more than one factor, this would not serve to undercut her allegations against Mainiero that he repeatedly made sexual contact with her.

Because Mainiero has not established that disclosure of the complainant's psychiatric records would have affected the outcome of his trial, the district court's denial of his petition for a writ of habeas corpus must be affirmed. The appellate court did not violate Mainiero's due process rights when it concluded that disclosure of the psychiatric records (reporting what the district court found to be "passing references" pertaining to the complainant's grief over the death of a friend) would not have affected the jury's verdict. Accordingly, the appellate court did not engage in an "unreasonable application" of prevailing Supreme Court precedent.

## B. Appellate Court's Alleged Failure to Address an Issue

■ Mainiero submits that the appellate court denied him due process and equal protection by failing to address an issue raised in his brief before that court—whether the trial court improperly admitted extrinsic evidence concerning his character, in violation of a Wisconsin statute governing the admissibility of evidence. Mainiero claims the appellate court departed from the general practice of at least "summarily" addressing all issues raised on appeal. This is a misstatement of judicial practice in Wisconsin and the

---

**4.** The recent opinion of the Court in *Kyles v. Whitley,* —— U.S. ——, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) was issued subsequent to the appellate court's decision and is thus irrelevant to habeas corpus review in this case. In *Kyles,* the Court stated that the *Bagley* standard of materiality "does not require demonstration by a preponderance of evidence that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal," *id.* at ———— ——, 115 S.Ct. at 1565–66, but rather questions whether "in [the] absence [of the undisclosed

evidence] he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id.* at ——, 115 S.Ct. at 1566. Consideration of *Kyles* would not change our conclusion in the instant case that the psychiatric records were immaterial. Even in the absence of the complainant's statements made during her psychiatric treatment (that for a time she was grieving the death of a friend from leukemia) we conclude, for reasons stated in the body of this opinion, that Mainiero received a fair trial and that the verdict is worthy of confidence.

law. Wisconsin appellate courts need not address all issues:

> [A]n appellate court is not a performing bear, required to dance each and every tune played on an appeal.... Any of the ... issues raised and not discussed ... can be deemed to lack sufficient merit or importance to warrant individual attention.

*State v. Waste Management of Wis., Inc.,* 81 Wis.2d 555, 261 N.W.2d 147, 151 (1978); *see also Schapiro v. Security Sav. & Loan,* 149 Wis.2d 176, 441 N.W.2d 241, 245 n. 4 (App.1989); *Brandmiller v. Arreola,* 189 Wis.2d 215, 525 N.W.2d 353, 356 (App.1994). Moreover, "[p]rocedural fairness does not require an appellate court to discuss every issue raised by an appellant...." *Kairys v. I.N.S.,* 981 F.2d 937, 940 (7th Cir.1992).

Mainiero points us to unavailing precedents.[5] It is true that the United States Supreme Court has held that *if* a state chooses to provide an appeal from a criminal conviction (which Wisconsin does provide[6]) it may not deprive an inmate of the type of appeal generally afforded others convicted of a crime, *Dowd v. United States,* 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951), deny the indigent an appeal for his failure to pay for a transcript of trial proceedings, *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), effectively discriminate against the indigent by not affording him counsel, *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), impose a "double-bond" requirement that arbitrarily denies an appeal to poor tenants, *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), or deny an appellant who is afforded an appeal as of right, the effective assistance of counsel, *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).[7] We fail, however, to understand how these cases support Mainiero's claim. The appellate court afforded Mainiero the type of appeal provided to others convicted of a crime, and it did not discriminate, even in effect, against Mainiero because of his status as a member of a protected class, because of indigence or for any other reason. Mainiero, therefore, was deprived of neither due process nor equal protection.

### III. Conclusion

Mainiero failed to demonstrate that the appellate court deprived him of due process in finding that psychiatric reports of the complainant grieving the death of her friend were immaterial. He has also not established that the appellate court unlawfully discriminated against him in declining to address the admissibility, under Wisconsin law, of extrinsic evidence concerning his character. The decision of the district court denying Mainiero's petition for a writ of habeas corpus is Affirmed.

---

5. Because the appellate court did not adjudicate this second issue on the merits, the amendments to section 2254 mentioned above (prohibiting the granting of a writ of habeas corpus so long as Supreme Court precedent was not unreasonably applied by the state court) are not applicable.

6. Wis. Const. art. I, § 21; Wis.Stat. § 974.02.

7. Ironically, Mainiero relies upon *Evitts,* even though this case holds that effective assistance of counsel does not require counsel to "advance every argument, regardless of merit, urged by the appellant." *Evitts,* 469 U.S. at 394, 105 S.Ct. at 834–35. It would necessarily follow that the appellate court does not need to address every argument, regardless of merit, urged by the appellant.