**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kenneth MATTISON, Defendant-Appellant.**

**No. 25496.**

United States Court of Appeals, Ninth Circuit.

Dec. 21, 1970.

Roy W. Paul (argued), San Diego, Cal., for defendant-appellant.

Brian E. Michaels (argued), Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and LEVIN, District Judge.*

PER CURIAM:

Mattison was found guilty by a jury of conspiracy to smuggle aliens in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324. We affirm.

Mattison's sole contention is that the trial court should have granted his motion to strike the testimony of prosecution witness Aguayo-Esquivivas on the ground that it was tainted by prior, out-of-court coercion. Aguayo was one of three Mexican aliens found in the trunk of Mattison's car when it was driven by one Wazal into the United States from Mexico. It is conceded that Aguayo's post-arrest statements were obtained in violation of his privilege against self-incrimination and right to counsel and therefore could not have been

* Honorable Gerald S. Levin, United States District Judge, Northern District of California, sitting by designation.

used against him. But Aguayo was not charged with an offense. Instead he was "farmed-out" pursuant to the district court's General Order No. 85, which permits alien material witnesses to be employed as farm laborers pending trial and to assign fifty percent of their wages as security for performance of the conditions of a $2,000 personal appearance bond.

At the trial Aguayo identified Mattison as the one who put him in the trunk of the car and as the one to whom money was to be paid. On cross-examination Aguayo admitted that he had made prior inconsistent statements but steadfastly insisted that his in-court testimony was the truth. Aguayo further admitted that he had been interrogated without being warned of his rights and without counsel present and that half of his farm wages were being withheld pending his appearance at the trial.

Mattison concedes that he lacks standing to complain about the violation of Aguayo's constitutional rights. See Alderman v. United States, 1969, 394 U.S. 165, 171–176, 89 S.Ct. 961, 22 L.Ed.2d 176; Byrd v. Comstock, 9 Cir., 1970, 430 F.2d 937. He argues, however, that Aguayo's testimony was so tainted by the psychologically coercive nature of his illegal interrogation and the withholding of his wages as to render its admission violative of due process. The record does not support such a claim. None of Aguayo's statements obtained at his illegal interrogation were introduced at trial. By the time of trial, the psychologically coercive atmosphere of that interrogation must surely have dissipated. There is no indication that Aguayo was told at any time by anyone what he should say on the witness stand. His identification of Mattison was made in open court, subject to cross-examination, where the jury could observe his demeanor and gauge his credibility. The withholding of half of Aguayo's wages amounts, in substance, to the posting of an appearance bond by a material witness, a form of compelling testimony which is well recognized. There is no indication that Aguayo believed that he was required to identify Mattison in order to get his money. Under the circumstances, the trial court properly ruled that Aguayo's testimony could go to the jury with whatever weight they were willing to accord it. Cf. Long v. United States, 1966, 124 U.S.App.D.C. 14, 360 F.2d 829, 833–834.

Affirmed.