**Michael A. HUNT, Petitioner–Appellee,**

v.

**Daniel B. VASQUEZ,
Respondent–Appellant.**

No. 89–15653.

United States Court of Appeals,
Ninth Circuit.

Argued March 13, 1990.

Submitted March 19, 1990.

Decided April 11, 1990.

Thomas Y. Shigemoto and Janine R. Busch, Deputy Attys. Gen., Sacramento, Cal., for respondent-appellant.

Arthur W. Ruthenbeck, Asst. Federal Defender, Sacramento, Cal., for petitioner-appellee.

Before SNEED, FARRIS and FERNANDEZ, Circuit Judges.

FARRIS, Circuit Judge:

The state of California appeals the district court's grant of habeas corpus to Michael Hunt. The district court found that Hunt was denied his sixth amendment right to effective assistance of counsel when his trial attorney failed to preserve his right to appeal. The district court remedied this constitutional violation by reinstating Hunt's appeal rights and ordering the state court to apply the law that would have been in effect at the time Hunt would have perfected a timely appeal but for the constitutional violation. The state only appeals the district court's order on the application of law issue. We reverse.

## FACTS

Michael Hunt was convicted of first degree murder with special circumstances[1] in September 1980, and was sentenced to life imprisonment without the possibility of parole. Hunt attempted to have that sentence set aside at a *Williams* hearing[2] held in February 1983. The trial judge denied Hunt's motion. Hunt's trial counsel informed the defendant that he would attempt to appeal, but he in fact failed to take any appeal.

Shortly after Hunt's February 1983 hearing the California Supreme Court held that a jury instruction on intent to kill was required in a special circumstances felony murder conviction. *Carlos v. Superior Court*, 35 Cal.3d 131, 197 Cal.Rptr. 79, 672 P.2d 862 (1983). No such instruction was given in Hunt's trial. The *Carlos* decision was made retroactive to all cases not yet final. *People v. Garcia*, 36 Cal.3d 539, 205 Cal.Rptr. 265, 684 P.2d 826 (1984), *cert. denied*, 469 U.S. 1229, 105 S.Ct. 1229, 84 L.Ed.2d 366 (1985). Hunt's codefendant, Michael Rhinehart, who was also convicted and sentenced to life without possibility of parole, did appeal under *Carlos*.

Hunt filed a Petition for Writ of Habeas Corpus with the California state courts in June 1986, requesting reinstatement of his appeal rights. The court denied his petition. Hunt exhausted his state post-conviction remedies in October 1986, when the California Supreme Court denied his petition. Hunt then filed for federal habeas relief with the district court.

While Hunt's petition was pending before the district court, the California Supreme Court overruled *Carlos* and held that the jury need not be instructed on the element of intent to kill to find special circumstances. *People v. Anderson*, 43 Cal.3d 1104, 240 Cal.Rptr. 585, 742 P.2d 1306 (1987). The court retroactively applied this rule to pre-*Carlos* cases. *People v. Poggi*, 45 Cal.3d 306, 246 Cal.Rptr. 886, 753 P.2d 1082 (1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 3261, 106 L.Ed.2d 606 (1989). *See also People v. Hamilton*, 46 Cal.3d 123, 143 n. 5, 249 Cal.Rptr. 320, 330 n. 5, 756 P.2d 1348 (1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989).

The district court found that Hunt's sixth amendment right to effective assistance of counsel was violated, granted the writ, and ordered the California courts to reinstate

---

1. In California, first degree murder with special circumstances is defined as the commission of murder in conjunction with one of an enumerated list of aggravating conditions. If a defendant is convicted of murder with special circumstances, his sentence is either life imprisonment without the possibility of parole or the death penalty. *See* Cal.Penal Code § 190.2(a)(17); *Carlos v. Superior Court*, 35 Cal.3d 131, 197 Cal.Rptr. 79, 672 P.2d 862 (1983).

2. A *Williams* hearing is an opportunity for a defendant to petition a California trial court to strike a special circumstances finding in a felony murder conviction and thereby make the defendant eligible for parole. *See People v. Williams*, 30 Cal.3d 470, 179 Cal.Rptr. 443, 637 P.2d 1029 (1981).

Hunt's right to appeal. The district court also ordered the California courts to apply the law that would have been in effect at the time Hunt would have appealed had the constitutional violation not occurred. The state appeals the application of law question. We review de novo. *Carter v. McCarthy,* 806 F.2d 1373, 1375 (9th Cir. 1986), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

## I. APPLICATION OF LAW

■ The district court required the state court to use *Carlos* on the new appeal in order to "vindicate petitioner's constitutional rights and ... to correct the constitutional error committed against him." The district court reasoned that its "task [was] to structure a remedy which places petitioner in the position he would have occupied but for the ineffective assistance of his counsel." Federal courts have flexibility in fashioning a habeas remedy, *see* 28 U.S.C. § 2243; *Dowd v. United States ex rel. Cook,* 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951). In crafting its remedy here, however, the district court focused solely on the sixth amendment violation and ignored the role of habeas corpus. For example, to determine the retroactive effect of new decisions on habeas review, " '[t]he relevant frame of reference ... [is] the purposes for which the writ of habeas corpus is made available.' " *Teague v. Lane,* —— U.S. ——, 109 S.Ct. 1060, 1072, 103 L.Ed.2d 334 (1989) (quoting *Mackey v. United States,* 401 U.S. 667, 682, 91 S.Ct. 1160, 1174, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring and dissenting)). The same is true here. Applying *Carlos* to Hunt's new appeal does not vindicate any of the purposes of habeas review.

First, habeas corpus insures that a federal forum is available to vindicate a violation of a federal right. Pure questions of state substantive law that do not implicate federal rights are not subject to habeas review. *See Wainright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977). *See also Kaufman v. United States,* 394 U.S. 217, 225, 89 S.Ct. 1068, 1073, 22 L.Ed.2d 227 (1969). Hunt has no federal right to any particular state law regime. Hunt is constitutionally entitled to effective assistance of counsel, but that right is vindicated by affording him an opportunity to appeal under whatever substantive law the state fairly affords him at the time he exercises that right.

Second, habeas review serves the related but more instrumental function of deterring state courts from deviating from federal constitutional norms. " '[T]he threat of habeas serves as a necessary incentive for trial and appellate judges throughout the land to conduct their proceedings in a manner consistent with established constitutional principles....' " *Teague,* 109 S.Ct. at 1073 (quoting *Desist v. United States,* 394 U.S. 244, 262–63, 89 S.Ct. 1030, 1040–41, 22 L.Ed.2d 248 (1969) (Harlan, J., dissenting)). Because Hunt seeks retroactive application of a state decision that does not implicate his rights under federal law, no such deterrence function would be served.

Finally, habeas corpus insures an untainted guilt-innocence determination, *see Stone v. Powell,* 428 U.S. 465, 491 n. 30 & 31, 96 S.Ct. 3037, 3051 n. 30 & 31, 49 L.Ed.2d 1067 (1976); *Schneckloth v. Bustamonte,* 412 U.S. 218, 250, 93 S.Ct. 2041, 2059, 36 L.Ed.2d 854 (1973) (Powell, J., concurring). The district court's order to apply the *Carlos* rule on appeal does not support this goal either. Here, as in *Stone,* "a convicted defendant is ... asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Stone,* 428 U.S. at 492 n. 31, 96 S.Ct. at 3051 n. 31. Hunt's guilt is not disputed, and the California Supreme Court has recently affirmed the legality of the jury instructions under which he was sentenced. *See Anderson,* 43 Cal.3d 1104, 240 Cal.Rptr. 585, 742 P.2d 1306.

All of the cases Hunt relies upon to support the broad remedial powers of the federal courts in habeas cases deal only with the waiver of the filing deadline for appeals. *See Dowd,* 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215; *Levy v. Dillon,* 415 F.2d 1263, 1265 (10th Cir.1969); *Byrd v. Smith,* 407 F.2d 363, 366 (5th Cir.1969). Hunt

undeniably has a right to have the deadline for his appeal waived. He has demonstrated an entitlement to no more.

■ Hunt also argues that to deny him the benefit of the superseded law effectively denies him the right to appeal at all. This argument is flawed, because in the unusual circumstances of this case, where the governing law has changed, the result of the future appeal is not relevant to the *Strickland* test. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland* Hunt is entitled to a new appeal. He is not entitled to bootstrap that right into a right to apply superseded state substantive law in his appeal.

## II. THE EX POST FACTO CLAIM

■ Hunt claims that the California Supreme Court's decisions that mandate retroactive application of the *Anderson* rule violate his due process rights under the ex post facto clause. *See Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). The defect in his argument is that the current law is identical to the law that was in effect at the time of his offense. There is no ex post facto problem. Hunt was on notice as to the punishment he could receive. No *ex post facto* change in the law occurred.

REVERSED.