988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael A. HUNT, Petitioner-Appellant,
v.
Daniel B. VASQUEZ, Warden, Respondent-Appellee.
 No. 92-15097.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-86-01495-EJG; Edward J. Garcia, District Judge, Presiding.
 E.D.Cal. [APPEAL AFTER REMAND FROM 899 F.2D 878].
 AFFIRMED.
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael A. Hunt has timely appealed from the December 9, 1991 order of the district court granting his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and ordering his release from custody,
 
 
 3
 unless, within sixty days of this order, the State of California reinstates petitioner's right to appeal the decision in his Williams' hearing, notifies petitioner in writing that said right to appeal has been reinstated, and files a document with this court certifying that the appeal rights have been reinstated.
 
 
 4
 Hunt contends that the district court lacked the power to alter the order issued on May 1, 1989, which provided that "this case be held in abeyance for a period of six months within which time the State of California may grant petitioner leave to appeal the decision" because the State failed to take any action to reinstate the appeal within six months of the court's order. We affirm because we conclude that, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, the district court had the power to amend its order to eliminate ambiguities or inconsistencies in the text, to clarify the court's intent, so that the parties would have fair notice of the duties imposed upon them by the court.
 
 I.
 
 5
 Hunt filed a state prisoner petition for a habeas corpus in the district court on December 29, 1986, in which he alleged, inter alia, that his right to appeal should be reinstated by the state court. He represented to the district court that neither the trial judge nor his counsel advised him of the right to appeal from the state trial court's denial of his petition to strike a special circumstances finding so as to make him eligible for parole. The record of the state court proceedings demonstrated that "Hunt's trial counsel informed the defendant that he would attempt to appeal, but he in fact failed to take any appeal." Hunt v. Vasquez, 899 F.2d 878, 897 (9th Cir.1990). Hunt's federal constitutional claims were exhausted in the state courts.
 
 
 6
 The magistrate judge issued his findings and recommendations on March 16, 1989. The portion of the recommendations critical to this matter reads as follows:
 
 
 7
 IT IS HEREBY RECOMMENDED that the court order that this case be held in abeyance for a period of six months within which time the State of California may grant petitioner leave to appeal the decision in his Williams hearing and apply the law which could have been applied had the decision been timely appealed. Should the state court fail to reinstate petitioner's right to appeal his Williams hearing and to apply the law which would have been in effect if petitioner had timely appealed, the writ shall issue. Within six months respondent shall notify the court of the status of this matter.
 
 
 8
 The district court "adopted in full" the magistrate judge's findings and recommendations without reciting them, on May 1, 1989.
 
 
 9
 On May 11, 1989, the State filed a notice of appeal from that portion of the district court's order expressly requiring the state court to apply the case law which was in effect at the time Hunt's attorney failed to file a notice of appeal in the state court. The State did not challenge the magistrate judge's recommendation that Hunt should be afforded "an opportunity to perfect an appeal" in state court.
 
 
 10
 We published our opinion on April 11, 1990, approximately eleven months after the district court issued its order granting Hunt's petition for habeas corpus. During the pendency of the State's appeal to this court, Hunt did not file a notice of appeal in state court, nor did the State initiate any action to reinstate his right to appeal.
 
 
 11
 In our opinion in the first appeal in this matter, we reversed the district court's holding that the state was required to apply the decisional law that would have been in effect had Hunt's attorney filed a timely notice of appeal. Id. at 880-81.
 
 
 12
 On July 23, 1991, fifteen months after we published our decision in the first appeal, Hunt filed a pro se motion for the issuance of a writ discharging him from custody because "the State of California failed to grant petitioner leave to appeal and assistance." Hunt alleged that he had "sought an appeal through the Court of Appeal for the Third Appellate District, State of California with no results."
 
 
 13
 The district court appointed the Federal Public Defender to represent Hunt, scheduled a status conference on October 17, 1991, and ordered the parties to file a statement of their positions on or before October 15, 1991. On October 11, 1991, the State filed a status report in which it represented that Hunt failed to file a notice of appeal in the state trial court after the district court issued its order on May 1, 1989. On October 15, 1991, Hunt's appointed counsel filed a "statement of position with respect to the status of this matter." Hunt's counsel informed the court that he was "not in possession of documents which prove that petitioner attempted to file his appeal pro se." The Federal Public Defender informed the court that "[c]ounsel hopes to have such proof by the status conference on October 17, 1991." On October 16, 1991, the State informed the clerk of the Sacramento County Superior Court that it was required to grant Hunt leave to appeal "when and if Defendant submits a notice of appeal or other appropriate document(s)...."
 
 
 14
 No evidence or exhibits were offered by either party at the October 17, 1991 status conference. The reporter's transcript reflects that the Federal Public Defender for the Eastern District of California argued that the writ should issue because the State had failed to take any steps to reinstate Hunt's right to appeal within the six-month period prescribed by the district court's May 11, 1989 order. The State's attorney argued that California was "always willing to accept Mr. Hunt's appeal" but could not reinstate his appeal because he had failed to file a notice of appeal.
 
 
 15
 The Federal Public Defender asserted that the state "could have filed a motion in the Superior Court to reinstate the appeal." The State contended that it could not file an appeal for Hunt. After hearing the argument of counsel, the magistrate judge commented: "I think I have a handle on both positions. You're each looking at each other and describing who dropped the ball."
 
 
 16
 The State's attorney then made the following recommendation to the magistrate judge to solve the procedural impasse created by the divergent interpretation given to the district court's order by the parties:
 
 
 17
 Well, what the State is willing to do, Your Honor, as I've stated in my letter, is to give Mr. Hunt a reasonable opportunity to file his notice. The Clerk of the Court has been appraised [sic] of the status of the case. He's willing to accept the notice of appeal if it's filed within I believe what a reasonable amount of time would be would be the 60 days within what's [sic] the State requires a notice of appeal to be filed from the date of judgment. And so we would be willing to give him those 60 days within which to file the notice of appeal.
 
 
 18
 The magistrate judge replied: "The State is, I gather, firmly of the position that Mr. Hunt's petition here--Mr. Hunt's notice of appeal if filed any time, either the next two months is not untimely." Hunt's attorney replied "yes."
 
 
 19
 On November 13, 1991, the magistrate judge issued the following recommendation:
 
 
 20
 Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be granted and that petitioner be released from custody unless, within sixty days of the order of the district court, the State of California reinstates petitioner's right to appeal the decision in his Williams hearing, notifies petitioner in that said right of appeal has been reinstated, and files a document with this court certifying that the appeal rights have been reinstated.
 
 
 21
 Hunt filed a timely notice of appeal from this order on January 9, 1992. The district court issued a certificate of probable cause on January 30, 1992.
 
 II.
 
 22
 Hunt argues that the district court's May 11, 1989 order was a final order that could not be challenged except by the filing of a timely notice of appeal. He contends that the failure of the State to challenge that portion of the district court's order requiring the state court to choose between exercising its discretion to grant leave to appeal within six months, or to suffer release of the petitioner from custody, waived its right to move for a modification of the order. This argument is devoid of merit. The State has never taken the position that the district court erred in concluding that Hunt was entitled to pursue his appeal in state court because he was denied effective assistance of counsel. To the contrary, the State's position is simply that until Hunt asked leave of the state court to file a notice of appeal, it was not required to take any action to reinstate the appeal.
 
 
 23
 Hunt's argument assumes that the State has failed to comply with the May 11, 1989 order. Hunt asserts that the district court's original order had four requirements. "Reinstatement of Petitioner's appeal by the State; a time period of six months within which such reinstatement was to take place; the law which the State was to apply; and the sanction for failure to comply with the order." Missing from Hunt's summary of the district court's order is the provision that the State court "may grant petitioner leave to appeal." Because Hunt's attorney failed to file a timely notice of appeal, the time to file a notice of appeal under California law had lapsed. Cal.R. of Court 31(a).
 
 
 24
 The district court's May 11, 1989 order gave the State an option--grant Hunt leave to appeal, notwithstanding the fact that it was untimely, or else the prisoner would be released because his attorney's incompetence denied him his right to effective representation of counsel. The term "leave" has a well-recognized meaning when used in connection with a failure to comply with a time limitation. "Leave of court" is defined as follows in Black's Law Dictionary: "Permission obtained from a court to take some action which, without such permission, would not be allowable; as, to receive an extension of time to answer a complaint." Black's Law Dictionary 801 (5th ed. 1979).
 
 
 25
 Contrary to Hunt's contention, the State did not waive the requirement that Hunt seek "leave" to file an untimely notice of appeal by failing to appeal from that portion of the district court's May 11, 1989 order. The plain meaning of the district court's order is that the State had six months to grant Hunt's request to file a notice of appeal. On the date the State filed its notice of appeal, Hunt still had more than five months to request leave to appeal from the denial of his motion to strike the special circumstances finding. Because the State chose not to appeal this portion of the district court's order, the State was required to wait at least five months after it filed its notice of appeal before it could assert accurately that it was no longer required to reinstate Hunt's appeal because Hunt had failed to request leave to appeal within six months of May 11, 1989. Thus, by appealing solely from the application of law requirement of the district court, the State did not waive its right to contend on this appeal that it had no duty under the May 11, 1989 order to take any action until Hunt requested leave to appeal.
 
 III.
 
 26
 Hunt also asserts that the district court had no authority to clarify its May 11, 1989 order because the State failed to file a timely motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. We disagree.
 
 
 27
 Rule 60(b) empowers a district court to relieve a party
 
 
 28
 from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 29
 Fed.R.Civ.P. 60. While it is quite true that neither party expressly invoked the remedy provided by Rule 60(b), the district court was not bound by the labels used by the parties in seeking an interpretation of the district court's order. See 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2865 at 226 (1973) ("[C]ourt has the power to act [under Rule 60(b) ] on an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." (footnote omitted)).
 
 
 30
 It is clear from reading the transcript of the October 17, 1991 proceedings that each party in good faith had arrived at diametrically opposed interpretations of the requirements of the May 11, 1989 order.
 
 
 31
 In the words of the magistrate judge, the parties could not agree as to "who dropped the ball." The district court was free to treat the State's recommendation to the magistrate judge that Hunt receive an additional 60 days to perfect his appeal as a motion to amend the original order pursuant to Rule 60(b) because it may have been subject to divergent interpretations. Under these circumstances, the district court had the authority pursuant to Rule 60(b)(6) to issue an amended order that clearly expressed its intent regarding the duties it imposed on the State in order to remedy the deprivation of Hunt's constitutional right to effective counsel. The district court's modified order gave Hunt the right to prosecute an appeal notwithstanding his failure to seek leave of court to file a notice of appeal within six months as required by the District Court's May 11, 1989 order. The fact that the district court did not expressly invoke Rule 60(b) in altering its original order is not dispositive. We "may affirm the district court on any ground supported by the record, even if the ground is not relied on by the district court." Charley's Taxi Radio Dispatch Corp. v. SIDA of Haw., Inc., 810 F.2d 869, 874 (9th Cir.1987).
 
 
 32
 Hunt has failed to demonstrate that the district court abused its discretion in amending its order, or that his right to pursue his state appeal has been prejudiced by giving the State an additional 60 days to reinstate his right to appeal.
 
 
 33
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3