995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronnie Monroe HOWIE, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 92-16738.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 7, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronnie Monroe Howie, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. Howie contends that the district court erred in holding that: (1) he had no standing to challenge alleged coercion of a witness, (2) he had no federally protected right to file a pro se brief when he was represented by counsel, and (3) he had procedurally defaulted most of his claims. We have jurisdiction under 28 U.S.C. § 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 Coercion of Witness
 
 3
 Howie contends that the trial court should have granted his motion to suppress statements made to the police by the state's sole witness.[1] Issues of state law that do not implicate federal rights are not cognizable in habeas corpus. Hunt v. Vasquez, 899 F.2d 878, 880 (9th Cir.1990). Accordingly, we cannot review Howie's contention that the trial court's failure to suppress the statements violated state law; we determine only whether admission of the statements violated Howie's federal rights. See id.
 
 
 4
 A criminal defendant does not have standing to raise a constitutional violation suffered by a third party. United States v. Mattison, 437 F.2d 84, 85 (9th Cir.1970). The due process clause is implicated "only when the Government activity in question violates some protected right of the defendant." Hampton v. United States, 425 U.S. 484, 490 (1976). Howie contends that the tactics used by police in questioning the state's witness violated the witness' rights under the fourth and fifth amendments. However, Howie lacks standing to bring a claim based on the violation of another's rights. See Mattison, 437 F.2d at 85; Hampton, 425 U.S. at 490.
 
 
 5
 Howie further claims that his own constitutional rights were violated by the admission of the coerced statements and the witness' testimony at trial. Habeas relief is available for evidentiary errors only when the admitted evidence renders the trial so fundamentally unfair as to violate federal due process. Jeffries v. Blodgett, 988 F.2d 923, 934-35 (9th Cir.1993). Here, the witness testified and Howie questioned her about the alleged coercion. Further, Howie does not argue that the witness' statements were false. In these circumstances, we cannot say that the admission of her statements rendered the trial fundamentally unfair. Cf. United States v. Moody, 778 F.2d 1380, 1384-85, amended, 791 F.2d 707 (9th Cir.1986) (rejecting argument that testimony of a witness given in exchange for a plea bargain is analogous to a defendant's coerced confession, because the witness' motivation for testifying can be explored through cross-examination). Further, there is no evidence that the witness' trial testimony was coerced or involuntary. Cf. Mattison, 437 U.S. at 85 (testimony of witness whose earlier statements were obtained by illegal interrogation was properly allowed, where there was no evidence that the witness was coerced into testifying). Accordingly, we find that Howie's due process rights have not been violated.
 
 Pro Se Filings
 
 6
 Howie contends that he should have been allowed to submit a pro se brief to the California Court of Appeal, to supplement the brief submitted by court-appointed counsel. This contention is meritless.
 
 
 7
 A criminal defendant has no constitutional right to both self-representation and the assistance of counsel. United States v. Bergman, 813 F.2d 1027, 1030 (9th Cir.1987); United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir.1981).
 
 
 8
 In his notice of appeal to the California Court of Appeal, Howie requested the appointment of an "associated appellate counsel or legal advisor." The Court appointed the Public Defender's office to represent Howie. Howie's counsel raised one issue on appeal: the admission of the coerced witness statements. Howie sought to raise additional issues in a pro se brief, but the California Court of Appeal denied his petition to file such a brief. Howie petitioned the California Supreme Court, seeking relief from the Court of Appeal's denial of his petition to file a pro se brief. The Supreme Court denied the petition.
 
 
 9
 The California Court of Appeal's failure to allow Howie to submit a pro se brief does not violate the Constitution. Because Howie does not have the right to both appointed counsel and self-representation, the Court was under no constitutional duty to accept the pro se brief. See Bergman, 813 F.2d at 1030; Halbert, 640 F.2d at 1009. Accordingly, Howie is not entitled to relief on this claim.
 
 Procedural Default
 
 10
 The district court determined that Howie had procedurally defaulted the remainder of his claims by failing to present them properly in state court. Howie contends that he has shown cause for and prejudice from this procedural default.
 
 
 11
 When a state procedural rule bars litigation of a claim in state court, federal habeas review is available only if the petitioner can show cause for the procedural default and actual prejudice as a result of the alleged violation of federal law. Coleman v. Thompson, 111 S.Ct. 2546, 2564 (1991); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 907 (9th Cir.1986). Court-appointed counsel presented only one issue, the admission of the victim's allegedly coerced statements, to the California Court of Appeal. Howie presented the remainder of his claims in the pro se brief he tried to submit to the California Court of Appeal. In California, a supplemental brief may be filed only by permission of the chief justice or presiding justice in the appellate court. California Rule of Court 14(a). The Court of Appeal exercised its discretionary power to refuse Howie's supplemental brief, and the California Supreme Court upheld the refusal. Accordingly, we find that Howie has procedurally defaulted the remainder of his claims. See Coleman, 111 S.Ct. at 2564; Hughes, 800 F.2d at 907.
 
 
 12
 Howie cannot show prejudice resulting from the alleged violations of which he complains. Howie admitted in court that he had a sexual relationship with his step-daughter, and has never denied that relationship. In these circumstances we cannot say that, but for the alleged errors, Howie might not have been convicted. See Reed v. Ross, 468 U.S. 1, 12 (1984). Because we conclude that Howie cannot show prejudice, we need not consider whether he has shown cause for his procedural default.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Howie was convicted of two counts of contributing to the delinquency of a minor, eight counts of committing lewd and lascivious acts on a child under the age of 14, and seven counts of unlawful sexual intercourse. The victim was Howie's step-daughter. The victim admitted that she and Howie had a sexual relationship only after police told her that, if she did not tell the truth, she and her siblings would be put into foster homes, and her mother might go to jail. The victim then told the police, and later testified at trial, that she and Howie had a sexual relationship and that she was pregnant with Howie's child