120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth L. MOYE, Jr., Petitioner-Appellant,
v.
Frank THOMPSON, Supt. Oregon State Penitentiary, Respondent-Appellee.
 No. 96-35659.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth L. Moye, an Oregon state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction after pleading guilty to murder, robbery, and assault. We review de novo a district court's denial of a petition for habeas corpus. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Moye contends that his due process rights were violated when he was indicted by grand juries of five and six jurors because Oregon law requires seven-member grand juries. This contention lacks merit.
 
 
 4
 In order to obtain relief under section 2254, Moye must demonstrate that "he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254 (1994). Accordingly, section 2254 provides no remedy for a violation of state law; a federal right must be infringed. See Estelle v. McGuire, 502 U.S. 62, 71-73 (1991) (stating that error of state law may rise to level of due process violation if it infringes "fundamental fairness"); Hunt v. Vasquez, 899 F.2d 878, 880 (9th Cir.1990).
 
 
 5
 The allegedly deficient number of grand jurors that indicted Moye did not violate his due process rights because the Fourteenth Amendment does not impose the requirement of indictment by grand jury upon the states. See Jeffries v. Blodgett, 5 F.3d 1180, 1188 (9th Cir.1993) (citing Hurtado v. California, 110 U.S. 516 (1884)). Accordingly, Moye is not entitled to relief under section 2254 and the district court properly denied his petition.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3