Somphone NASRICHAMPANG,
Petitioner—Appellant,

v.

Jeanne S. WOODFORD, Respondent—
Appellee.

No. 07–55247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed July 29, 2008.

Patrick Morgan Ford, for Petitioner–Appellant.

Somphone Nasrichampang, pro se.

Kevin R. Vienna, AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: TROTT, WARDLAW and FISHER, Circuit Judges.

MEMORANDUM *

Somphone Nasrichampang ("Somphone") was convicted of first-degree murder on an aiding and abetting theory. He drove his brother, Somchit Nasrichampang ("Somchit"), to the scene of the crime, where Somchit got out of the car and twice shot the victim. We affirm the district court's dismissal of Somphone's § 2254 petition with prejudice.

Souk Douangmala ("Souk"), another passenger in Somphone's car, pled guilty to a lesser offense in exchange for his cooperation. The California Court of Appeal reasonably determined that Souk's testimony at Somphone's trial was not coerced. *See* 28 U.S.C. § 2254(d)(2). Even assuming that his pretrial statements were coercively obtained, the plea agreement required only that he tell the truth on the witness stand. "An agreement that requires a witness to testify truthfully . . . is proper so long as 'the jury is informed of the exact nature of the agreement, defense counsel is permitted to cross-examine the accomplice about the agreement, and the jury is instructed to weigh the accomplice's testimony with care.'" *Allen v. Woodford,* 395 F.3d 979, 995 (9th Cir.2005) (quoting *United States v. Yarbrough,* 852 F.2d 1522, 1537 (9th Cir.1988)). This is so even when the agreement leaves sentencing open until after the testimony is given. *See Yarbrough,* 852 F.2d at 1537. There is no violation of due process when a witness who previously was illegally interrogated is "subject to cross-examination at trial through which the jury could assess the witness's credibility." *Williams v. Woodford,* 384 F.3d 567, 596 (9th Cir.2004) (citing *United States v. Mattison,* 437 F.2d 84, 85 (9th Cir.1970)).

The California Court of Appeal reasonably concluded that any failings by Somphone's trial counsel were not prejudicial. Presentation of Somphone's proposed defense—that he intended to help Somchit fight the victim, but did not know that Somchit planned to shoot him—would not have had a reasonable probability of securing acquittal. *See Wilson v. Henry,* 185 F.3d 986, 988 (9th Cir.1999). As an aider and abetter, Somphone would be guilty of any offense that is a "natural and probable consequence" of the assault he intended. *People v. Prettyman,* 14 Cal.4th 248, 261, 58 Cal.Rptr.2d 827, 926 P.2d 1013 (1996). Souk testified that Somchit's gun was plainly visible in the car on their way to locate the victim, giving Somphone "reason to believe that [Somchit] would use a deadly weapon" to commit the assault. *See id.* at 267, 58 Cal.Rptr.2d 827, 926 P.2d 1013. Souk was thoroughly cross-examined on this point at trial, and we do not second-guess issues of credibility. *See Sandoval v. Calderon,* 241 F.3d 765, 773 (9th Cir.2000). Neither counsel's failure to argue for severance, *see id.* at 772, nor her inartful references to liability and a voice stress analyzer, *see Hovey v. Ayers,* 458 F.3d 892, 907 (9th Cir.2006), undermine confidence in the trial's outcome.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.