**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10428 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00088-FCD-6 |
| v. | |
| MARGARITO RAMIREZ CABALLERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10449 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00088-FCD-5 |
| v. | |
| RICARDO VALENCIA DIAZ, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10555 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00088-FCD-2 |
| v. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

JESUS VALENCIA ONTIVEROS,

        Defendant - Appellant.

UNITED STATES OF AMERICA,        No. 09-10417

        Plaintiff - Appellee,        D.C. No. 2:07-cr-00088-FCD-1

   v.

VICTOR MANUEL ALVARADO, AKA
Beto,

        Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted July 17, 2012
San Francisco, California

Before: FERNANDEZ, PAEZ, and WATFORD, Circuit Judges.

The four Appellants in these consolidated appeals all were convicted of or

pleaded guilty to conspiring to distribute and possess with intent to distribute

methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), and possessing with the intent to

distribute methamphetamine, 21 U.S.C. § 841(a)(1). Alvarado also pleaded guilty

2

to possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), and Diaz was convicted of the same crime.

Appellants challenge various aspects of their convictions and sentences. We have jurisdiction over all four appeals under 28 U.S.C. § 1291, and we affirm the district court in all respects.

## 1.    Margarito Ramirez Caballero.

Margarito Ramirez Caballero appeals the district court's denial of his Rule 29 motion for acquittal. He also appeals his 292-month sentence, arguing that it was procedurally erroneous and substantively unreasonable.

Viewing the evidence in the light most favorable to the government, a rational juror could have found the essential elements of both counts of the indictment beyond a reasonable doubt. *United States v. Neill*, 166 F.3d 943, 948 (9th Cir. 1999). Government witnesses testified that Caballero communicated extensively with his co-conspirators prior to and during the methamphetamine sale, that he drove a security and surveillance vehicle carrying a rifle and ammunition to the scene of the crime, and that he engaged in counter-surveillance tactics once he arrived. *See United States v. Vgeri*, 51 F.3d 876, 879 (9th Cir. 1995) ("[A]greement may be inferred from the defendants' acts pursuant to the scheme, or other circumstantial evidence.").

3

The district court did not abuse its discretion by refusing to award Caballero a two- or four-level reduction for playing a minor role in the conspiracy. U.S.S.G. § 3B1.2. Caballero drove the vehicle that provided security and surveillance during the drug transaction, and had extensive contact with Alvarado before the sale. In light of these facts, the district court's finding that Caballero was a "very active participant" in the conspiracy was not clear error.

The 292-month sentence was substantively reasonable. The district court imposed a sentence at the low end of the recommended Guidelines range, and carefully articulated legitimate reasons for its choice. *See United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (explaining that a sentence is reasonable if the record, viewed in its totality, "reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)") (citation omitted).

**2.      Ricardo Valencia Diaz.**

Ricardo Valencia Diaz appeals the district court's denial of his request for a jury instruction on his defense of voluntary intoxication.

The district court did not abuse its discretion by refusing to give the instruction because Diaz offered no evidence that the alcohol he consumed on the day of the sale interfered with his capacity to form specific intent at the time of the crime. *See United States v. Washington*, 819 F.2d 221, 225 (9th Cir. 1987). Diaz's

4

evidence only established that he had been drinking and sounded drunk earlier in the day. Furthermore, an officer who interviewed Diaz at the crime scene testified that Diaz showed no signs of intoxication at the time of his arrest.

**3.      Jesus Valencia Ontiveros.**

Jesus Valencia Ontiveros appeals his 235-month sentence, arguing that it was procedurally erroneous and substantively unreasonable.

Ontiveros's first claim of procedural error is that the district court abused its discretion by giving him a two-level sentencing enhancement for the firearms that Diaz and Alvarado possessed during the drug transaction. U.S.S.G. § 2D1.1(b)(1). The district court did not err in concluding that Ontiveros could have foreseen the presence of a firearm. Ontiveros collaborated closely with Alvarado in an effort to sell tens of thousands of dollars of methamphetamine. Further, the sale he helped organize involved seven men and three vehicles, including a security car. Under these circumstances, it was foreseeable that Alvarado or another co-conspirator would bring a weapon to the sale. *See United States v. Willis*, 899 F.2d 873, 875 (9th Cir. 1990).

Ontiveros's second claim of procedural error is that the district court did not sufficiently explain why it sentenced Ontiveros to the high end of the Guidelines range. The record reflects that the district court appropriately considered the 18

U.S.C. § 3553(a) factors and discussed the various reasons for choosing a sentence at the high end of the Guidelines range. *See United States v. Carty*, 520 F.3d 984, 991–93 (9th Cir. 2008) (en banc). These reasons included the seriousness of the crime, Ontiveros's pivotal role in the conspiracy, and the need to sentence Ontiveros fairly vis-à-vis his co-conspirators.

Ontiveros's third claim of procedural error is that the district court failed properly to address and resolve his formal objections to the Presentence Investigation Report and his request for a downward variance. The record reflects that the district court considered Ontiveros's objections, correctly calculated the Guidelines range, and properly considered the § 3553(a) sentencing factors and discussed them on the record. *See id.* The court did not err in rejecting Ontiveros's formal objections. Nor did the district court procedurally err by failing to consider Ontiveros's request for a downward variance. The court discussed at length the reasons why it did not believe Ontiveros's claim that he was a first-time offender with a minor role in the conspiracy.

Finally, Ontiveros argues that his sentence was substantively unreasonable in light of his circumscribed role in the crime and the fact that he was the first defendant to plead guilty and the only defendant to be debriefed by the government.

The 235-month sentence was substantively reasonable. Ontiveros concedes that he only participated in the government debriefing in the hope of benefitting from the safety valve, and the district court carefully articulated legitimate reasons for imposing a sentence at the high end of the Guidelines. *Ressam*, 679 F.3d at 1089.

**4.     Victor Manuel Alvarado.**

Victor Manuel Alvarado appeals his 295-month sentence, arguing that it was procedurally erroneous and substantively unreasonable.

The record reflects that the district court appreciated, but chose not to exercise, its *Kimbrough* discretion to depart from the Guidelines based on a reasonable policy disagreement with the Guidelines' treatment of methamphetamine offenses. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011).

The district court adequately explained why it believed that a 295-month sentence was necessary to avoid an "unwarranted sentence disparit[y]" with Alvarado's co-conspirators. 18 U.S.C. § 3553(a)(6). The district court explained that Alvarado's superordinate role in the conspiracy and his recruitment of others into the conspiracy outweighed mitigating factors, such as the fact that he pleaded guilty and accepted responsibility for his crimes. The court's remarks in the

sentencing hearing reflect careful consideration of the relevant § 3553(a) factors. *See Ressam*, 679 F.3d at 1089.

For all the above reasons, the conviction and sentence in No. 08-10428 are **AFFIRMED**; the conviction in No. 08-10449 is **AFFIRMED**; the sentence in No. 08-1055 is **AFFIRMED**; and the sentence in No. 09-10417 is **AFFIRMED**.